# UNITED STATES AND INTERSTATE COMMERCE COMMISSION *v.* ALASKA STEAMSHIP COMPANY ET AL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 541.   Argued December 16, 17, 1919.—Decided May 17, 1920.

This court will determine only matters actually in controversy essential to the decision of the particular case before it.   P. 115.

In a suit in which the Interstate Commerce Commission was temporarily enjoined from requiring interstate and water carriers to use certain forms of bills of lading in domestic and export transportation, upon the ground that the Commission lacked power to prescribe them, *held*, that, since the Transportation Act of Feby. 28, 1920, passed pending the interlocutory appeal, contained provisions which would necessitate changes in both forms of bills, the case had become moot, and the court could not pass upon the Commission's authority, but would reverse the order of injunction, no longer needed to protect the complainants against the order of the Commission involved in the suit, without prejudice to the right to assail any such order adopted after the new legislation, and without costs to either party.   *Id.*

259 Fed. Rep. 713, reversed.

THE case is stated in the opinion.

*The Solicitor General* and *Mr. Charles W. Needham,* with whom *Mr. P. J. Farrell* was on the briefs, for appellants.

*Mr. Roscoe H. Hupper* and *Mr. Theodore W. Reath,* with whom *Mr. Edgar H. Boles, Mr. George F. Brownell, Mr. Blewett Lee, Mr. Thaddeus H. Swank* and *Mr. F. H. Wood* were on the briefs, for appellees.

MR. JUSTICE DAY delivered the opinion of the court.

A petition was filed in the United States District Court for the Southern District of New York by numerous interstate carriers and carriers by water against the United States and the Interstate Commerce Commission to set aside an order of the Interstate Commerce Commission dated March 14, 1919, requiring the carriers to use two certain modified bills of lading, one pertaining to domestic and the other to export transportation. The cause came on for hearing upon application for a temporary injunction and upon a motion to dismiss the petition. The hearing was had before three judges, a Circuit Judge and two District Judges. A majority concurred in holding that the Interstate Commerce Commission had no authority to prescribe the terms of carriers' bills of lading, and that in any event there was no power to prescribe an inland bill of lading depriving the carriers of the benefits of certain statutes of the United States limiting the liability of vessel-owners. (259 Fed. Rep. 713.) One of the District Judges dissented, holding that the Commission had the power to prescribe bills of lading, and that the particular bills of lading in question were within the authority of the Commission. An order was entered refusing to dismiss the petition, and an injunction *pendente lite* was granted. From this order an appeal was taken directly to this court under the statute of 1913. (38 Stat. 220.)

It appears that the matters in controversy as to the authority of the Commission and the character of the bills of lading were subjects of much inquiry before the Commission, where hearings were had, and an elaborate report upon the proposed changes in carriers' bills of lading resulted in the adoption by the Commission of the two bills of lading. 52 I. C. C. 671.

Pending this appeal Congress passed on February 28, 1920, the act known as the "Transportation Act of 1920," which terminated the federal control of railroads, and amended in various particulars previous acts to regulate interstate commerce. In view of this act of Congress this court on March 22, 1920, entered an order requesting counsel to file briefs concerning the effect of the act upon this cause. Briefs have been filed, and we now come to consider the altered situation arising from the new legislation, and what effect should be given to it in the disposition of this case.

The thing sought to be accomplished by the prosecution of this suit was an annulment of the order of the Commission, and an injunction restraining the putting into effect and operation of such order, which prescribed the two forms of bills of lading. The temporary injunction granted was against putting into effect the Commission's order prescribing the forms of the bills of lading.

The Transportation Act of 1920, passed pending this appeal, makes it evident (and it is in fact conceded in the brief filed by appellants) that changes will be required in both forms of bills of lading in order that they may conform to the requirements of the statute. We need not now discuss the details of these changes. It is sufficient to say that the act requires them as to both classes of bills. We are of opinion that the necessary effect of the enactment of this statute is to make the cause a moot one. In the appellants' brief it is insisted that the power of the Commission to prescribe bills of lading is still existent,

and has not been modified by the provisions of the new law. But that is only one of the questions in the case. It is true that the determination of it underlies the right of the Commission to prescribe new forms of bills of lading, but it is a settled principle in this court that it will determine only actual matters in controversy essential to the decision of the particular case before it. Where by an act of the parties, or a subsequent law, the existing controversy has come to an end, the case becomes moot and should be treated accordingly. However convenient it might be to have decided the question of the power of the Commission to require the carriers to comply with an order prescribing bills of lading, this court "is not empowered to decide moot questions or abstract propositions, or to declare, for the government of future cases, principles or rules of law which cannot affect the result as to the thing in issue in the case before it. No stipulation of parties or counsel, whether in the case before the court or in any other case, can enlarge the power, or affect the duty, of the court in this regard." *California* v. *San Pablo & Tulare R. R. Co.*, 149 U. S. 308, 314; *United States* v. *Hamburg-American Line*, 239 U. S. 466, 475, 476, and previous cases of this court therein cited.

In the present case what we have said makes it apparent that the complainants do not now need an injunction to prevent the Commission from putting in force bills of lading in the form prescribed. The subsequent legislation necessitates the adoption of different forms of bills in the event that the power of the Commission be sustained. This legislation, having that effect, renders the case moot. *Berry* v. *Davis*, 242 U. S. 468.

In our view the proper course is to reverse the order, and remand the cause to the court below with directions to dismiss the petition, without costs to either party, and without prejudice to the right of the complainants to assail in the future any order of the Commission prescrib-

ing bills of lading after the enactment of the new legislation.   *United States* v. *Hamburg-American Line, supra;* *Berry* v. *Davis, supra.*

<em>And it is so ordered.</em>