387 F.2d 860
 128 U.S.App.D.C. 295
 DISTRICT OF COLUMBIA, Appellant,
v.
Marion S. BARRY, Jr., Appellee.
DISTRICT OF COLUMBIA, Appellant,
v.
Lester J. McKINNIE, Appellee.
DISTRICT OF COLUMBIA, Appellant,
v.
Donald E. BROWN, Appellee.
DISTRICT OF COLUMBIA, Appellant,
v.
Wesley C. BRYANT, Appellee.
 Nos. 21311-21314.
 United States Court of Appeals District of Columbia Circuit.
 Argued Oct. 27, 1967.
Decided Nov. 30, 1967.
 
 Messrs. David P. Sutton and Richard W. Barton, Asst. Corporation Counsel for the District of Columbia, with whom Messrs. Charles T. Duncan, Corporation Counsel, and Hubert B. Pair, Principal Asst. Corporation Counsel, were on the brief, for appellant.
 Mr. Frank D. Reeves, Washington, D.C., for appellees.
 Messrs. David G. Bress, U.S. Atty., Frank Q. Nebeker and Lawrence Lippe, Asst. U.S. Attys., filed a brief on behalf of the United States of America, as amicus curiae.
 Before McGOWAN, TAMM and ROBINSON, Circuit Judges.
 TAMM, Circuit Judge:
 
 
 1
 Appellees were charged with disorderly conduct, and before the trial they moved to dismiss the charges on several grounds.[1] The Court of General Sessions granted the motion on the ground, inter alia, that the United States Attorney rather than the Corporation Counsel had sole jurisdiction to prosecute the case. Subsequently, however, the dismissal was vacted 'with respect to the jurisdictional (ground) * * * only,'[2] and the question of prosecutorial authority was certified to this court.[3] Thus, while there was more than one ground for granting the dismissal,[4] vacation of the dismissal was as to one ground only. As a consequence, the dismissal is still in effect on independent grounds and has operated to terminate the charges against these appellees.
 
 
 2
 The Constitution limits the exercise of federal judicial power to cases and controversies. Accordingly, it is a frequently stated proposition that 'a federal court is without power to decide moot questions or to give advisory opinions which cannot affect the rights of the litigants before it. United States v. Alaska S.S. Co., 253 U.S. 113, 115-116 (40 S.Ct. 448, 64 L.Ed. 808), and cases cited; United States v. Hamburg-Amerikanische Packet-Fahrt-Actien Gesellschaft, 239 U.S. 466, 475-477 (36 S.Ct. 212, 60 L.Ed. 387).' St. Pierre v. United States, 319 U.S. 41, 63 S.Ct. 910, 87 L.Ed. 1199 (1943). Since any action we might take on the certified question cannot alter dismissal of the charges by the court below, the certificate is dismissed.
 
 
 3
 Dismissed.
 
 
 
 [1]
 They were: failure to allege an offense, lack of particularity, failure to allege the violation of a specific statute, lack of jurisdiction (on the part of the prosecutor and on the part of the District of Columbia branch of the court), inconsistency of the allegations, and unconstitutionality-- for vagueness-- of D.C.Code 22-1107 (1967)
 
 
 [2]
 Order of September 20, 1967, Criminal Numbers DC 5297-67, DC 7789-67, DC 7790-67, DC 7791-67
 
 
 [3]
 D.C.Code 23-102 (1967) provides for certification whenever such a question is raised by the trial judge or by the prosecutor
 
 
 [4]
 In certifying the question to this court, the General Sessions Court noted that lack of jurisdiction was one ground, 'inter alia,' for its having granted the dismissal. Certification to the United States Court of Appeals for the District of Columbia Circuit, Criminal Numbers DC 5297-67, DC 7789-67, DC 7790-67, DC 7791-67, September 25, 1967, p. 1