**ILLINOIS COMMERCE COMMISSION and M. F. Radrizzi, Plaintiffs,**

**City of Chicago and Minnesota Public Service Commission, Intervening Plaintiffs,**

v.

**UNITED STATES of America et al., Defendants.**

**No. 70 C 143.**

United States District Court, N. D. Illinois, E. D.

Oct. 5, 1971.

Peter A. Fasseas, William J. Scott, Atty. Gen., Chicago, Ill., for plaintiffs.

Gordon P. MacDougall, Washington, D. C., Michael L. Schwab, St. Paul, Minn., for Minnesota Public Service Comm.

William J. Bauer, U. S. Atty., for the United States.

James P. Reedy, Joseph J. Nagle, Chicago, Ill., for Chicago Milw. & St. Paul R.R.

Richard L. Curry, Corp. Counsel, Mark Goldstein, Asst. Corp. Counsel, Chicago, Ill., for City of Chicago.

## MEMORANDUM OPINION AND ORDER

Before KILEY, Circuit Judge, and LYNCH and NAPOLI, District Judges.

NAPOLI, District Judge.

This is an action to set aside the findings of the Interstate Commerce Commission that operation by the Chicago, Milwaukee, St. Paul and Pacific Railroad Company [the Milwaukee] of passenger service on its trains Nos. 2 and 3 [the Afternoon Hiawathas] between Chicago, Illinois and Minneapolis, Minnesota is not required by the public convenience and necessity, and that continued operation of these trains will unduly burden interstate commerce within the meaning of 49 U.S.C. § 13a(1). The action also seeks an order requiring the Milwaukee to continue the operation of the Afternoon Hiawathas.

On August 22, 1969, the Milwaukee filed a notice and supporting statement with the Interstate Commerce Commission under Section 13a(1) of the Interstate Commerce Act proposing to discontinue the operation of the Afternoon Hiawathas on September 22, 1969. The affected states, railway employees and others filed protests and the Commission instituted an investigation of the proposed discontinuance. After the Commission presented its findings and ordered the investigation dismissed, Chicago, M., St. P. & P. R. Co. Discontinuance of Trains, 336 I.C.C. 246 (1970), the plaintiffs brought this action and requested a three judge court pursuant to 28 U.S.C. § 2284. After this three judge court was constituted, the plaintiffs moved for a temporary restraining order which was denied. The Milwaukee discontinued the Afternoon Hiawathas on January 24, 1970 and they have not operated since.

A motion by the defendants to stay the proceedings until May 1, 1971 was granted on January 7, 1971, on the ground that the proceedings would quite possibly be mooted or substantially af-

fected by the Rail Passenger Service Act of 1970 (45 U.S.C. § 501 et seq.) enacted on October 30, 1970.

The Rail Passenger Service Act created the National Railroad Passenger Corporation [Amtrak], and gave it the responsibility of operating a national network of intercity passenger trains to be designated by the Secretary of Transportation. Railroads were given the option under the Act of contracting with Amtrak. Amtrak was then authorized to enter into service agreements with the railroads enabling them to provide service as required by the Corporation in its national network (45 U.S.C. § 562(a)). Trains operated by contracting railroads prior to May 1, 1971 and not included in the national network could be discontinued after 30 days' notice (45 U.S.C. § 561(a)(1)). In exchange for relief from the responsibility of providing intercity rail passenger service and for the right to discontinue non-network trains, the railroads were to pay Amtrak according to certain formulae (45 U.S.C. § 561).

The Milwaukee entered into a contract with Amtrak prior to May 1, 1971 and has negotiated a service agreement with Amtrak whereby the Milwaukee operates certain trains including a pair of trains between Chicago and Minneapolis. The trains at issue in the instant suit, the Afternoon Hiawathas, were not made part of Amtrak's national network. The defendants have now moved to dismiss this action. They contend that since the Milwaukee has been relieved of all responsibility for operating the Afternoon Hiawathas, the original question of whether the Commission's orders authorizing the discontinuances were lawful is moot.

The plaintiffs oppose the motion to dismiss on two grounds. The first ground asserted by the plaintiffs is that the Rail Passenger Service Act of 1970, if unconstitutional, would not relieve the Milwaukee of its obligations to provide intercity passenger service and in that event this Court could still order the relief sought. The plaintiffs state that the constitutionality of the new law with respect to interstate trains is at issue in a suit before a three judge court in this District, and suggest that this Court await that decision. That Court has now rendered an opinion and order dismissing the case, Quincy College and Seminary Corp. v. Burlington Northern, Inc., 328 F.Supp. 808 (N.D.Ill.1971). In its opinion, written by Judge Decker, the Court found that the Rail Passenger Service Act of 1970 was constitutional, in that it did not violate substantial or procedural due process under the Fifth Amendment and was not an unconstitutional delegation of legislative authority. Since that Court found the Act constitutional, the plaintiffs' first ground will not prevent this case from being declared moot.

The second ground asserted by the plaintiffs is that the claim with respect to labor protective conditions remains, even if this action is rendered moot with respect to restoration of the Afternoon Hiawathas. The plaintiffs contend that the imposition of labor protective conditions in train discontinuance proceedings is consistent with the national transportation policy and that the Commission's power to disapprove the discontinuances necessarily includes the lesser power to condition an approval. The defendants, however, contend that the Interstate Commerce Commission is without power to impose labor protective conditions in train discontinuance proceedings under Section 13a(1).

This issue has been fully briefed by the parties to this action and the defendants contend that no purpose would be served by further argument or briefs. This Court agrees that further argument on the issue is unwarranted.

■■■■ The Interstate Commerce Commission has held that the probable effect of a discontinuance under Section 13a(1) on employees is a matter to be considered in determining whether the public convenience and necessity require the continuance of such service. But, unlike powers granted in other sections of the Act, the Commission has held that it is not authorized to condition a discontinuance under Section 13a(1) on labor protective conditions. Great Northern Ry. Co. Discontinuance of Service,

307 I.C.C. 59 (1959); Chicago & E. I. R. Co. Discontinuance of Trains, 331 I.C.C. 447 (1968). See also Missouri Pac. R. Co. Discontinuance of Passenger Service, 312 I.C.C. 105 (1960). In its *Great Northern* decision, the Commission stated its interpretation of Section 13a(1) on this issue as follows:

> The powers vested in us by section 1(18–20) bear only slight resemblance to those vested in us by section 13a(1). The former section requires as a condition to abandonment that a railroad secure a certificate of public convenience and necessity from this Commission, . . . and that we may attach to the issuance of the certificate such terms and conditions as in our judgment the public convenience and necessity may require.

> In contrast to the provisions just mentioned, paragraph (1) of section 13a authorizes a railroad, after the filing, mailing, and posting of a notice as therein prescribed and in the absence of affirmative action by this Commission, to discontinue the operation of any train or ferry operating from a point in one State to a point in another State or in the District of Columbia. The authority for such discontinuance flows directly from the statute and not from any action by us. The powers vested in us are strictly limited by the statute. We may order the operation continued, but not more than 4 months, pending an investigation; and upon completion of the investigation we may order continuance or restoration of the operation only if we find affirmatively that the operation of the train or ferry (1) is required by the public convenience and necessity and (2) will not unduly burden interstate commerce. A requirement of continued operation in the absence of the carrier's agreement to employee-protective conditions would operate as a limitation, not expressly or impliedly authorized by the provisions of the law, upon the exercise of a privilege granted by the statute. *Great Northern, supra*, 75–76.

The interpretation by an agency of a statute which it is charged to administer is entitled to great weight. United States v. Jackson, 280 U.S. 183, 50 S.Ct. 143, 74 L.Ed. 361 (1930); New York Central Securities Co. v. United States, 287 U.S. 12, 53 S.Ct. 45, 77 L.Ed. 138 (1932); United States v. American Trucking Assn., Inc., 310 U.S. 534, 60 S.Ct. 1059, 84 L.Ed. 1345 (1940); Levinson v. Spector Motor Co., 330 U.S. 649, 67 S.Ct. 931, 91 L.Ed. 1158 (1947); Udall v. Tallman, 380 U.S. 1, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965); United States v. City of Chicago, 400 U.S. 8, 91 S.Ct. 18, 27 L.Ed.2d 9 (1970). The agency's interpretation will be affirmed by the courts if it has a "reasonable basis in law." NLRB v. Hearst Publications, 322 U.S. 111, 64 S.Ct. 851, 88 L.Ed. 1170 (1944); Unemployment Compensation Commission v. Aragon, 329 U.S. 143, 67 S.Ct. 245, 91 L.Ed. 136 (1946); Volkswagenwerk etc. v. FMC, 390 U.S. 261, 88 S.Ct. 929, 19 L.Ed.2d 1090 (1968). This Court finds, for the reasons stated by the Commission in *Great Northern, supra*, that the Commission's interpretation of Section 13a(1) has a "reasonable basis in law."

◼ Since the Milwaukee is no longer obligated to operate passenger rail service as a result of its contract with Amtrak, further proceedings in this case would be purely academic. In such a case, the Court is obligated to dismiss the action, for it "is not empowered to decide moot questions or abstract propositions. . . ." California v. San Pablo and Tulare Railroad Co., 149 U.S. 308, 314, 13 S.Ct. 876, 878, 37 L.Ed. 747 (1893); So. Pac. Terminal Co. v. ICC, 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310 (1911); United States v. Alaska S. S. Co., 253 U.S. 113, 40 S.Ct. 448, 64 L.Ed. 808 (1920); Carroll et al. v. President and Commissioners of Princess Anne et al., 393 U.S. 175, 89 S.Ct. 347, 21 L.Ed. 2d 325 (1968).

For the reasons herein stated, the defendants' motion to dismiss is granted and this case is hereby ordered dismissed.