(C.D. 4861)

BEN R. HENDRIX TRADING CO., INC., PLAINTIFF, *v.* UNITED STATES, DEFENDANT

Court No. 79-6-01042

BOE, Judge: In the proceedings presently before this court, the defendant moves to dismiss the complaint and amended complaint of the plaintiff filed herein on the grounds that (1) the court lacks jurisdiction of the subject matter of the action, and (2) the allegations of the complaint and the relief sought therein fail to state a claim upon which relief may be granted.

From an examination of the plaintiff's complaint and amended complaint, the plaintiff appears to seek relief through a variety of imprecise and ambiguous designations. In sum, however, it appears that the plaintiff requests that this court assume jurisdiction of the above-entitled action in order to (1) grant to the plaintiff an award in the amount of $30,000,000 for damages and costs resulting from the alleged negligent and wrongful acts on the part of U.S. Customs officials and, in particular, the District Director of Customs at Laredo, Tex., and (2) issue what is termed in the within pleadings an "administrative ruling" with respect to the validity of the seizure of merchandise imported by the plaintiff, not entered and while in the joint custody under bond of the Customs Service and the warehouse proprietor, by a creditor through judicial process in a State court.

The protest upon which the summons and complaint in the within action are predicated was denied by the Customs Service on December 28, 1978, for the reason that it was untimely filed. In view of the insufficiency of the facts alleged with respect thereto, and particularly with respect to the paucity of facts as to the allegation that the Customs Service refused to accept prior protests of the plaintiff for filing in April of

1973, this court would deem it inappropriate to rule on the question of the timeliness in the filing of the protest herein in the absence of an evidentiary hearing with respect thereto. From the complaint and the amended complaint on file herein, however, it is patent that the aforesaid pleadings affirmatively disclose that this court does not have jurisdiction over the subject matter of the within action, and that the allegations therein fail to state a claim upon which relief may be granted.

The relief sought by the plaintiff relating to an award of pecuniary damages sounds in tort. It is axiomatic that the limited jurisdiction of the Customs Court is prescribed solely by the provisions of 28 U.S.C. § 1582. The jurisdiction of this court does not include actions in personam resulting from alleged negligent or wrongful acts of Government officials or agents. As provided in 28 U.S.C. § 1346, such actions are reserved to the exclusive jurisdiction of the U.S. district courts and/or the U.S. Court of Claims.

From the allegations in plaintiff's complaint and amended complaint as well as from the reported decisions of the Federal courts in which the plaintiff has instituted prior proceedings, it appears that after the sequestration ordered by the State court of the merchandise imported by the plaintiff and located in plaintiff's own warehouse under customs bond, plaintiff sought a declaratory judgment in the U.S. District Court, Southern District of Texas, Brownsville Division, seeking to have the attempted seizure of the subject merchandise by virtue of the order of the State court declared void.[1] The U.S. district court in said proceedings determined in its declaratory judgment that the State court properly could adjudicate the rights with respect to the subject merchandise. It may be noted that in said proceedings, George P. Schultz, as the Secretary of the Treasury of the United States, and the Customs officials of the U.S. Government were made party defendants.

With only scant reference to the foregoing proceedings in the U.S. district court in its complaint and amended complaint, the plaintiff now turns to this court in the attempt to secure what has been strangely termed in plaintiff's pleadings as an administrative ruling with respect to the validity of the judicial proceedings conducted in State court relating to the imported merchandise presumably under bond and in the joint custody of the Customs Service and the warehouse proprietor (the plaintiff).

From the pleadings, however, no indication is contained therein with respect to the present status of the merchandise in question. It is only through the further examination of court decisions relating

---

[1] *J. Henry Schroeder Banking Corporation v. George P. Schultz, Secretary of the Treasury of the United States; Ben R. Hendrix Trading Co., Inc. v. J. Henry Schroeder Banking Corporation,* 373 Fed. Supp. 1283 (S.D. Texas 1974).

to the very matters here in issue that this court is apprised of the true nature of the alleged controversy to which our attention has been directed and relief sought.

It appears that after entry of the declaratory judgment of the U.S. district court an appeal was instituted by the plaintiff in the U.S. Circuit Court of Appeals, Fifth Circuit, in which appeal proceedings the plaintiff, plaintiff's creditor and various customs officials were before the court.[2] From the opinion of Chief Judge Brown on behalf of the circuit court of appeals, it is revealed that after the institution of the appeal, the plaintiff filed a chapter XI reorganization proceeding in bankruptcy. During the course of the chapter XI proceedings all parties moved to sell the merchandise, which sale was conducted under the jurisdiction of the Bankruptcy Court and the merchandise in question delivered to the buyers. In determining that the appeal cause had become moot due to the admittedly valid sale of the merchandise in question by the Bankruptcy Court in a proceeding voluntarily initiated by the plaintiff, Chief Judge Brown stated:

> Both Customs officials and Hendrix recognized that the Bankruptcy Court had power to order such a sale. Indeed, as debtor, Hendrix had enough power and control over the goods to surrender them to the Bankruptcy Court. Thereafter the goods were not subject to any restraint by State officials and were subject only to payment or security for Customs' duties. Hendrix owns no other merchandise or liquor under Customs' bond and is no longer actively involved in importing and exporting bonded merchandise.
>
> The controversy that gave rise to the actions for declaratory judgments by both Hendrix and Schroeder was whether control of the liquor would be with Hendrix or with the State court officers and those who purchased it at the aborted judicial sales. Since the liquor has now been sold in an admittedly valid manner and is in the hands of third parties, none of the parties to the controversy below can be said to have any right of control over the goods. Thus, there is no longer any case or controversy. Hendrix owns no other merchandise in bond and is no longer in the business of importing and exporting bonded merchandise, so there is no likelihood that a similar controversy might arise in the future. (Id. at 1194-95.)

From the record in the within proceedings before this court as well as from the prior proceedings initiated by the plaintiff with reference to the very issue herein presented, it appears that relief presently is sought by the plaintiff in this court with respect to a subject matter consisting of merchandise which has been disposed of through sale and which no longer exists in any form or entity over which this court might exercise its jurisdiction. It is clear, therefore, that the

---

[2] *J. Henry Schroeder Banking Corp.* v. *W. Michael Blumenthal, Secretary of the Treasury of the United States; Ben R. Hendrix Trading Co.* v. *J. Henry Schroeder Banking Corp.*, 560 F.2d 1192 (5th Cir. 1977).

question presented to this court relating to the validity of the exercise of the judicial process of a State court upon the merchandise imported by the plaintiff while in the joint custody of the Customs Service and the warehouse proprietor is thus moot. In the case of *Mills* v. *Green*, 159 U.S. 651, 653 (1895), the Supreme Court stated:

> The duty of this Court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which can not affect the matter in issue in the case before it. It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this Court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the Court will not proceed to a formal judgment, but will dismiss the appeal. And such a fact, when not appearing on the record, may be proved by extrinsic evidence.

Further, in the case of *California* v. *San Pablo & Tulare Railroad Co.*, 149 U.S. 308, 314 (1893), the Supreme Court stated:

> The duty of this Court, as of every judicial tribunal, is limited to determining rights of persons or of property which are actually controverted in the particular case before it. When, in determining such rights, it becomes necessary to give an opinion upon a question of law, that opinion may have weight as a precedent for future decisions. But the Court is not empowered to decide moot questions or abstract propositions, or to declare, for the Government of future cases, principles or rules of law which cannot affect the result as to the thing in issue in the case before it. No stipulation of parties or counsel, whether in the case before the Court or in any other case, can enlarge the power, or affect the duty, of the Court in this regard.

In the instant proceedings, we are faced with the fact that the imported merchandise of the plaintiff, which was the subject matter of prior litigation in the Federal courts, has been sold with the consent of the plaintiff during the course of the bankruptcy proceedings. Certainly, no effectual relief now can be granted by this court with respect to such nonexistent merchandise, which at one point in time, may have formed the subject matter over which jurisdiction of this court might have existed.

Notwithstanding by whatever name it may be allegedly termed, the relief sought by the plaintiff in its request for an administrative ruling, in essence, is merely a request for an advisory opinion by this court, presumably for such use in pending bankruptcy proceedings as might prove of benefit in connection with the ultimate distribution of proceeds therein.[3] The lack of power of this court or of any Federal court

---

[3] *See* Facts Of The Case at 9-10, attached to plaintiff's complaint.

to issue such advisory opinions needs no further comment or explanation. *Oil Workers Unions* v. *Missouri*, 361 U.S. 363, 367 (1960); *United States* v. *Alaska SS Co.*, 253 U.S. 113, 116 (1920); and *North Carolina* v. *Rice*, 404 U.S. 244, 246 (1971).

In view of the foregoing and good cause appearing, it is hereby

ORDERED that the motion of the defendant is, accordingly, granted and the above-entitled action be and is hereby dismissed.

Dated at New York, N.Y., this first day of July, 1980.