**The UNITED STATES, Appellant,**

v.

**JULIE RESEARCH LABORATORIES, INC., Appellee.**

No. 89–1232.

United States Court of Appeals, Federal Circuit.

Aug. 7, 1989.

Sheryl L. Floyd, of the Civ. Div., Dept. of Justice, Washington, D.C., argued for appellant. With her on the brief were Stuart E. Schiffer, Acting Asst. Atty. Gen., and David M. Cohen, Director. Of counsel was Captain Peter J. Comodeca, of the Office of the Judge Advocate Gen., Dept. of the Army, Washington, D.C.

Cyrus E. Phillips, IV, of McGuire, Woods, Battle & Boothe, Washington, D.C., argued for appellee.

Before MARKEY, Chief Judge, and NEWMAN and ARCHER, Circuit Judges.

## ORDER

The United States Department of the Army (government) appeals that part of the decision of the General Services Administration Board of Contract Appeals (Board), 1989–1 BCA ¶ 21,213, ordering the Department of the Army to reimburse the permanent indefinite judgment fund for bid protest costs awarded to Julie Research Laboratories, Inc. (Julie).

### I

The Department of the Army Missile Command issued a solicitation for a multi-year procurement of Core Test Measurement and Diagnostic Equipment Calibration Workstations. Julie protested the solicitation to the Board and, ultimately, prevailed in part.

Julie filed an application and supporting memorandum for an award of $25,754.88 for costs it incurred in filing its protest and preparing its proposal. The Board deter-

mined that Julie prevailed on a significant portion of its protest and awarded Julie $20,986.13 for its costs in pursuing the protest. The Board ordered that Julie's costs be paid without interest from the permanent indefinite judgment fund, 31 U.S.C. § 1304 (1982), as provided for by 40 U.S.C. § 759(h)(5) (Supp. III 1985). It also ordered the Department of the Army to reimburse the judgment fund from its own appropriated funds.

On appeal the government does not contest the propriety or the amount of the award to Julie, but argues that "[t]he provisions of the [Competition in Contracting Act] CICA, 40 U.S.C. § 759 (Supp. III 1985), permitting the GSBCA to award bid preparations costs to an interested party in a bid protest action do not require agencies to reimburse the judgment fund for judgments paid pursuant to these awards." Both parties acknowledge that the award to Julie will not be altered in any respect by a decision of this court on the issue appealed.

## II

"[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971) (*citing Local No. 8–6, Oil, Chemical and Atomic Workers Int'l Union v. Missouri*, 361 U.S. 363, 367, 80 S.Ct. 391, 394, 4 L.Ed.2d 373 (1960)). Courts are "not empowered to decide moot questions or abstract propositions, or to declare, for the government of future cases, principles or rules of law which cannot affect the result as to the thing in issue in the case before them." *United States v. Alaska S.S. Co.*, 253 U.S. 113, 116, 40 S.Ct. 448, 449, 64 L.Ed. 808 (1920) (quoting *California v. San Pablo & Tulare R.R. Co.*, 149 U.S. 308, 314, 13 S.Ct. 876, 878, 37 L.Ed. 747 (1893)).

The government's obligation to pay Julie has been determined and Julie has received everything it could recover by receiving a decision on the merits in its favor which has not been appealed. A decision by this court of this intra-government dispute "cannot affect the rights of [the] litigants," *North Carolina v. Rice*, 404 U.S. at 246, 92 S.Ct. at 404, and we must, therefore, conclude that the issue presented is not justiciable.

Accordingly, IT IS ORDERED that the appeal is dismissed.