09-0753-cv
Lumbermens v. RGIS Inventory

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 0.23 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/), THE PARTY CITING THE SUMMARY ORDER MUST FILE AND SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED. IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 11ᵗʰ day of December, two thousand and nine.

PRESENT:
> AMALYA L. KEARSE,
> ROBERT D. SACK,
> ROBERT A. KATZMANN,
>
> *Circuit Judges.*

———————————————————————————

Lumbermens Mutual Casualty Company,

> *Plaintiff-Counter-Defendant-Counter-Claimant-Appellant*,

> v.                                                        No. 09-0753-cv

RGIS Inventory Specialists, LLC, and Robert M. Birardi,

> *Defendants-Counter-Claimants-Appellees*,

Camrac, Inc., d/b/a Enterprise Rent-A-Car,

> *Defendant-Counter-Claimant-Counter-Defendant-Appellee.*

———————————————————————————

For Appellant:                              THORN ROSENTHAL, *for* Cahill
                                            Gordon & Reindel LLP, New York, NY


For Appellees RGIS, LLC and Birardi:        SANFORD N. BERLAND, *for* Dickstein
                                            Shapiro LLP, New York, NY

For Appellee Camrac, Inc.:                  PETER M. KHRINENKO, *for* Brand, Glick
                                            & Brand P.C., Garden City, NY


**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED AND**

**DECREED** that the appeal be **DISMISSED**, the district court judgment be **VACATED**, and the

cause be **REMANDED** with instructions to determine whether the action is moot.

Plaintiff-Appellant Lumbermens Mutual Casualty Company ("Lumbermens"), an excess

liability insurer, appeals from a decision by the United States District Court for the Southern

District of New York (Harold Baer, Jr., *Judge*), disposing of Lumbermens' declaratory judgment

action against defendants-appellees RGIS Inventory Specialists, LLC ("RGIS"), Robert Birardi

("Birardi"), and Camrac, Inc., d/b/a Enterprise Rent-A-Car ("Enterprise"), by granting summary

judgment in favor of the defendants. The declaratory judgment action concerned whether

Lumbermens could be bound by the terms of an excess insurance policy it issued to RGIS (the

"excess policy") to contribute to a judgment in a personal injury action filed against the

defendants by David Shore, the brother of one Robert Shore who was injured when he was struck

by a minivan owned by Enterprise and driven by Birardi in the course of his employment with

RGIS. The personal injury action (the "*Shore* litigation") resulted in an award of damages that

well exceeded the $2.0 million limit on the defendants' primary insurance policy.

The excess policy required the insured to provide notice to Lumbermens of an

2

"occurrence," "offense," "claim" or "suit" as soon as practicable "whenever it appears likely" that the excess policy would be implicated. *See* Excess Policy, Section V, ¶ 3. The defendants did not inform Lumbermens of the collision or the resulting *Shore* litigation until the eve of trial, approximately five years after the collision and three years after the litigation was filed. Lumbermens sought a declaratory judgment that it could not be bound by the terms of the excess policy to contribute to a judgment against the defendants because it received untimely notice of the *Shore* litigation, and it was prejudiced by the lateness of the notice. The defendants argued that notice was timely because it never appeared likely that the excess policy would be implicated by the collision or the resulting *Shore* litigation, and in any event, Lumbermens was not prejudiced by the timing of the notice. The district court concluded that the notice provided to Lumbermens was timely and that in any event, Lumbermens was not prejudiced by the timing of the notice. The district court therefore entered summary judgment in favor of the defendants. *See Lumbermens Mut. Cas. Co. v. RGIS Inventory Specialists, LLC*, No. 08 Civ. 1316, 2009 WL 137055 (S.D.N.Y. Jan. 21, 2009).

Lumbermens appealed. While the appeal was pending, the *Shore* litigation settled for $6.0 million, and Lumbermens paid $4.0 million toward the settlement. *See* Nov. 17, 2009 Appellant's Letter Br. 1. The defendants argue that Lumbermens could not recoup the money it contributed toward the settlement even if we decided the merits of this appeal in Lumbermens' favor; that is, even if we decided that notice to Lumbermens of the *Shore* litigation was untimely and Lumbermens was thereby prejudiced. *See* Nov. 17, 2009 Appellees' Letter Br. 4 ("The Insureds . . . do not believe Lumbermens has any [] extra-contractual recoupment right . . . ."). Lumbermens disagrees, arguing that the circumstances of the settlement make clear that

3

Lumbermens can recoup its money if it wins this appeal, and therefore "the settlement . . . has no effect on the substantive question raised on this appeal." Nov. 17, 2009 Appellant's Letter Br. 1.

Although the defendants do not say so explicitly, the implication of their argument that Lumbermens could not recoup the money it contributed to the settlement of the *Shore* litigation even if it prevailed on the merits of this appeal is that the declaratory judgment action, and this appeal, are now moot. *See, e.g.*, *Alexander v. Yale Univ.*, 631 F.2d 178, 183 (2d Cir. 1980) ("A party's case or controversy becomes moot . . . when it becomes impossible for the courts, through the exercise of their remedial powers, to do anything to redress the injury."). Because the question of mootness arose only while this appeal was pending, the district court did not have an opportunity to consider and rule on the issue. The parties both urge us to decide the issues presented on appeal without regard to the issue of mootness, *see* Nov. 17, 2009 Appellant's Letter Br. 1; Nov. 17, 2009 Appellees' Letter Br. 4, although the defendants appear to request that we consider the issue of mootness in the event that we decide the merits of the appeal in favor of Lumbermens, *see* Nov. 17, 2009 Appellees' Letter Br. 4. However, the issue of whether the underlying action is moot is not one that can be ignored, irrespective of the wishes of the parties. *See United States v. Alaska S.S. Co.*, 253 U.S. 113, 116 (1920) (moot question cannot be decided, "[h]owever convenient it might be," because court "is not empowered to decide moot questions") (internal quotation marks omitted); *see also, e.g.*, *Muhammad v. City of New York Dep't of Corrections*, 126 F.3d 119, 122 (2d Cir. 1997) (raising issue of mootness *sua sponte* and explaining that "mootness . . . is a jurisdictional question . . . . Our inability to review a moot case 'derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'") (quoting *DeFunis v. Odegaard*,

4

416 U.S. 312, 316 (1974) (per curiam)) (internal citations omitted). And because mootness is a jurisdictional question, it must precede the determination of substantive issues. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998).

Because the question of mootness is, at least in part, factual, dependent as it is on the terms and circumstances of the settlement, we think it best to leave the question of mootness for the district court to decide in the first instance. *See, e.g.*, *Brocklesby Transport v. Eastern States Escort Servs.*, 904 F.2d 131, 133-34 (2d Cir. 1990) (issue that "turns in part on factual questions not addressed by the district court" better left for decision by district court in the first instance). We therefore vacate the judgment of the district court and remand for consideration of whether the action is, in light of the settlement of the *Shore* dispute, moot. *Cf. County of Nassau, N.Y. v. Hotels.com, L.P.*, 577 F.3d 89, 91 (2d Cir. 2009) (vacating district court judgment dismissing complaint for lack of subject matter jurisdiction and remanding cause to district court for consideration of different jurisdictional concern); *In re Tax Refund Litig.*, 915 F.2d 58, 59 (2d Cir. 1990) ("[T]he effect of [vacating a judgment when the underlying action has become moot] is to prevent a judgment, review of which is precluded because the case has become moot, from 'spawning any legal consequences.'" (quoting *United States v. Munsingwear, Inc.*, 340 U.S. 36, 41 (1950))). Should the district court conclude that the action is not moot, it may, of course, reinstate its grant of summary judgment for the reasons set forth in its January 21, 2009 decision.

For the foregoing reasons, it is ordered that the appeal be hereby DISMISSED, the district court judgment hereby VACATED, and the cause hereby REMANDED to the district court with instructions to consider whether the declaratory judgment action is moot. After the district court has considered the case on remand, jurisdiction may be restored to this Court by

5

letter from any party, and the Office of the Clerk of this Court shall set an expeditious briefing schedule and refer the matter to this panel for further review.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
By:

_____