Shawn A. Womack, Justice, dissenting. I respectfully dissent from the majority’s decision to dismiss the appeal as improper. I would find that it is a proper State appeal and that the trial court erred in giving the instruction to the jury. The majority correctly points out that we only accept State appeals that are narrow in scope and involve the interpretation of law. When an interpretation will not have widespread application, it does not affect the correct and uniform administration of the law. State v. Hulum, 349 Ark. 400, 403, 78 S.W.3d 111, 113 (2002). Following Miller v. Alabama, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), and Montgomery v. Louisiana, — U.S. -, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), courts, were left" with the task of addressing unconstitutional sentences | (¡with limited guidance on how to proceed. In this case the trial court held a resen-tencing hearing and erroneously created a jury instruction that, cherry-picked language from the Supi’eme Court in a way that was overly broad. After the trial court action, but before this appeal was completed, the General Assembly intervened with the passage of the Fair Sentencing of Minors Act of 2017. As the majority correctly points out, the emergency claüse of the Act notes that there are over 100 juveniles who are eligible-for relief after the Supreme Court’s decision in Montgomery v. Louisiana. However, the-majority incorrectly determines that-the number of incarcerated juveniles, coupled with the passage of the Act, renders the appeal improper under our rules because- it would not have widespread ramifications. I believe the majority conflates mootness with an improper State appeal under Ark. R. App. P.—Crim., 3(c) (2016). First, within the context of life sentences for juvenile offenders, I would hold that facing the possibility of 100 or more resentencing hearings, and the possibility that without correction other trial courts could adopt this improper jury instruction, meet the criteria of widespread ramifications. Second, there is no question that giving a jury an improper instruction involves the interpretation of law, and again, within the context of the life sentences for juvenile offenders, it involves an issue that is narrow in scope. We have previously accepted State appeals to declare' error in the trial court’s use of faulty jury instruc.tions when it may prejudice the State in the future. Perry v. State, 371 Ark. 170, 176, 264 S.W.3d 498, 502 (2007). Next, regarding the issue of mootness, Mr. Lasley has served more than the 30 years provided for in the Act and is therefore eligible for parole- When the General Assembly ^passes, repeals, or amends a statute that eliminates the controversy pending an appeal, it renders the case moot. See Ark. Dep’t of Corr. v. Williams, 2009 Ark. 523, at 6, 357 S.W.3d 867, 870 (citing United States v. Alaska S.S. Co., 253 U.S. 113, 116, 40 S.Ct. 448, 64 L.Ed. 808 (1920)), On its face, the Act eliminates the need for a resentencing hearing, and any decision we render regarding the prior status of the law would be advisory, which this court will not do. Stodola v. Lynch, 2017 Ark. 181, at 8, 619 S.W.3d 677, 681. Accordingly, as to Mr. Lasley, the issue is now moot in light of the General Assembly’s action. Finally, due-to the erroneous nature of the jury instruction and the lack of guidance available to trial courts, I would also refer this issue to the Committee on Criminal Jury Instructions to prescribe model instructions based on the Supreme Court’s decisions in Miller and' Montgomery for those courts who choose to move forward with optional resentencing proceedings. Wood, J., joins.