Newman, Circuit Judge, dissenting.
The threshold question on appellate jurisdiction is whether there is a live case or controversy sufficient to satisfy Article III. The only patent on appeal, U.S. Patent No. 6,097,676, expired in August 2017; the IPR petitioner, ARRIS, declines to defend its PTAB victory; and the parties have settled the infringement suit in district court. There is no interest, neither private interest nor public interest, in the fate of this patent. There appears to be no consequence of either our appellate decision today or the potential PTAB decision on the remand now ordered by the court.[1] This appeal fails the requirements of Article III.
"No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." Raines v. Byrd , 521 U.S. 811, 818, 117 S.Ct. 2312, 138 L.Ed.2d 849 (1997) (quoting Simon v. E. Ky. Welfare Rights Org. , 426 U.S. 26, 37, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976) ). Federal courts are limited to their constitutional authority, and "[i]f a dispute is not a proper case or controversy, the courts have no business deciding it, or expounding *1242 the law in the course of doing so." DaimlerChrysler Corp. v. Cuno , 547 U.S. 332, 341, 126 S.Ct. 1854, 164 L.Ed.2d 589 (2006).
Every federal court has the obligation to assure its own jurisdiction:
[T]he rule, springing from the nature and limits of the judicial power of the United States, is inflexible and without exception, which requires this court, of its own motion, to deny its own jurisdiction, and, in the exercise of its appellate power, that of all other courts of the United States, in all cases where such jurisdiction does not affirmatively appear in the record on which, in the exercise of that power, it is called to act. On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it.
Bender v. Williamsport Area Sch. Dist. , 475 U.S. 534, 546-47, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986) (quoting Mansfield, C. & L.M. Ry. Co. v. Swan , 111 U.S. 379, 382, 4 S.Ct. 510, 28 L.Ed. 462 (1884) ).
The rule that "[t]o qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review' " includes review by a federal court of agency action. See Arizonans for Official English v. Arizona , 520 U.S. 43, 67, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) (quoting Preiser v. Newkirk , 422 U.S. 395, 401, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975) ); see also Lewis v. Cont'l Bank Corp. , 494 U.S. 472, 477, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990) ("This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. To sustain our jurisdiction in the present case, it is not enough that a dispute was very much alive when suit was filed ...."). Such a rule follows ineluctably from the proposition that the court "is not empowered to decide moot questions or abstract propositions." North Carolina v. Rice , 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971) (quoting United States v. Alaska S.S. Co. , 253 U.S. 113, 116, 40 S.Ct. 448, 64 L.Ed. 808 (1920) ).
A necessary question is whether there remain any consequences of our appellate decision. As the party seeking judicial review, "[i]t is the responsibility of [Sony] clearly to allege facts demonstrating that [it] is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." Renne v. Geary , 501 U.S. 312, 316, 111 S.Ct. 2331, 115 L.Ed.2d 288 (1991) (internal quotation marks and citation omitted). Here, appellant Sony must establish its continuing interest " 'when it seeks review of an agency's final action in a federal court,' by creating a necessary record in this court, if the record before the Board does not" so establish. JTEKT Corp. v. GKN Auto. LTD. , 898 F.3d 1217, 1220 (Fed. Cir. 2018) (quoting Phigenix, Inc. v. Immunogen, Inc. , 845 F.3d 1168, 1172 (Fed. Cir. 2017) ).
Although a patentee has an indisputable interest in the validity of its patent, here the patent has expired and the district court litigation was terminated. Appellant's Br. 2 n.1. In the "Statement of Related Cases" Sony "inform[ed] the Court that U.S. Patent No. 6,097,676 was asserted in litigation captioned as Sony Corp. v. ARRIS Global Ltd ., No. 1:15-cv-00288 (D. Del.)." However, that litigation was terminated and dismissed with prejudice, at the joint request of the parties, on November 28, 2017. Sony Corp. v. ARRIS Global Ltd. , No. 1:15-cv-00288 (D. Del.), ECF No. 286 ("Stipulation and Order for Dismissal"). Sony also mentions the concurrent appeal on a different patent, *1243 Sony Corp. v. Iancu , No. 18-1173, but no connection is asserted between these appeals.
Sony states that it "is unaware of any other case pending" upon which our decision will have an effect, and recites no other consequence of this appeal, with respect to ARRIS or any other entity. Appellant's Br. viii. The Court's precedent leaves no room for the speculative circumstances posited by my colleagues. "Article III of the Constitution requires that there be a live case or controversy at the time that a federal court decides the case." Burke v. Barnes , 479 U.S. 361, 363, 107 S.Ct. 734, 93 L.Ed.2d 732 (1987). No such circumstance is mentioned, nor even hinted, by any party or the intervenor.
The record contains not even a remote suggestion of possible future litigation or other potential actions by unidentified acquirers of this expired patent. The panel majority searches for a possible case-or-controversy, proposing that there may be speculative or unspecified circumstances. Maj. Op. 1238-39, n.1. However, "[w]e presume that federal courts lack jurisdiction unless the contrary appears affirmatively from the record." ( Renne , 501 U.S. at 316, 111 S.Ct. 2331 (internal quotation marks omitted) (quoting Bender , 475 U.S. at 546, 106 S.Ct. 1326 )). If such possibility indeed exists, it was Sony's obligation to say so, for the "burden of establishing" that the requirements of Article III are met is placed on "the party seeking judicial review." JTEKT , 898 F.3d at 1220 ; see also Phigenix , 845 F.3d at 1171 (placing the burden on the appellant).
No possibility of present or future case-or-controversy has been suggested-not by Sony, not by the vanished party ARRIS, not by the intervenor Director. Whether or not the PTAB erred in its decision, now that all known past, present, and future controversy has vanished, further proceedings are devoid of juridical content.[2]
On the record before us, both the court's decision on this appeal and our remand for further PTAB proceedings are devoid of substance and consequence-they thus appear to be advisory. And "[a]s is well known the federal courts established pursuant to Article III of the Constitution do not render advisory opinions." United Pub. Workers of Am. (C.I.O.) v. Mitchell , 330 U.S. 75, 89, 67 S.Ct. 556, 91 L.Ed. 754 (1947).
This appeal should be dismissed. From my colleagues' departure from the principles of Article III and the judicial role, I respectfully dissent.

The PTO Director, intervening "to defend the Board's decision," does not explain the agency's interest in further judicial and administrative proceedings on this patent that expired 20 months ago and is now devoid of controversy. The panel majority's description of the Director as a party that "remain[s] adverse," is not explained.

Other cases have raised various aspects of implementation of the America Invents Act, including application of "relaxed" jurisdictional standards, the effects of estoppel, and vacatur of unappealable decisions. However, such aspects are not here raised.