# In the United States Court of Federal Claims

No. 22-1828

Filed: March 22, 2023

---

CLAYTON WILLIAMS,

       *Plaintiff*,

v.

THE UNITED STATES,

       *Defendant.*

---

*Clayton Williams*, Daytona Beach, Florida, pro se.

*Anthony M. Cognasi*, Trial Attorney, *David I. Pincus*, Of Counsel, Chief, Tax Division, Court of Federal Claims Section, *David A. Hubbert*, Principal Deputy Assistant Attorney General, U.S. Department of Justice, Washington, D.C., for Defendant.

## MEMORANDUM OPINION AND ORDER

**TAPP, Judge.**

Pro se plaintiff, Clayton Williams Jr. ("Mr. Williams"), brought this tax suit asserting that the Internal Revenue Service ("IRS") failed to issue his Economic Impact Payments ("EIPs") pursuant to the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Pub. L. No. 116–136, 134 Stat. 335 (March 27, 2020) (codified at 26 U.S.C. § 6428). (Compl. at 1–2, ECF No. 1). The United States moves to dismiss for lack of subject matter jurisdiction, arguing that because the IRS has already issued Mr. Williams's EIPs there is no live claim or controversy for this Court to resolve. (Def.'s Mot., ECF No. 11). Mr. Williams has not filed a response, thus the United States' Motion is uncontroverted. Accordingly, Mr. Williams' Complaint must be **DISMISSED AS MOOT.**

In response to the economic impacts of the COVID-19 pandemic, Congress enacted the CARES Act, providing eligible individuals with tax credits up to $1,200, and an additional $500 for each qualifying child. 26 U.S.C. § 6428. Because tax credits under the CARES Act were treated as an "advance refund," qualified individuals received the tax credit directly as an EIP. § 6428(f). Subsequently, on December 20, 2020, Congress enacted the COVID-related Tax-Relief Act, which provided eligible individuals an additional refund of up to $600 per qualifying individual and $600 for each qualifying child. Pub. L. No. 116-260, § 272(a), 134 Stat. 1182, 1965-71 (codified as amended at 26 U.S.C. § 6428A). Finally, on March 11, 2021, Congress enacted the American Rescue Plan Act of 2021, entitling eligible individuals to an additional tax credit up to $1,400 plus an additional $1,400 rebate for each qualifying child. Pub. L. No. 117-2,

§ 9601(a), 135 Stat. 4, 138-42 (codified as amended at 26 U.S.C. § 6428B). Mr. Williams alleges that the IRS failed to issue his EIPs.[1] (Compl. at 1–2).

Under RCFC 12(b)(1), the burden of establishing subject matter jurisdiction rests with the plaintiff, who must do so by a preponderance of the evidence. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). Mr. Williams is proceeding pro se, therefore, this Court interprets his pleading more liberally than it would interpret pleadings prepared by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). This liberal interpretation, however, does not overcome Mr. Williams's responsibility to demonstrate satisfaction of jurisdictional requirements. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

It is well-established that mootness is a jurisdictional question. *See, e.g.*, *North Carolina v. Rice*, 404 U.S. 244, 246 (1971). Courts are not "empowered to decide moot questions or abstract propositions." *Id.* at 246 (citing *United States v. Alaska S.S. Co.*, 253 U.S. 113, 116 (1920)). Thus, this Court is without power to decide questions "that cannot affect the rights of litigants" in the case before it. *Id.* at 246. Such a jurisdictional requirement arises from the existence of a case or controversy as a prerequisite to the exercise of judicial power. *Id.* at 246. The doctrine is "essential if federal courts are to function within their constitutional sphere of authority." *Id.* This Court must resolve questions of mootness before assuming jurisdiction. *Id.*; *see also Veterans Contracting Grp., Inc. v. United States*, 743 F. App'x 439, 441 (Fed. Cir. 2018).

In considering a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1), the Court generally must assume all undisputed facts alleged in the complaint are true and draw all reasonable inferences in the plaintiff's favor. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see also Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995). The Court may, however, also look to extrinsic evidence to determine whether exercising jurisdiction would be proper. *Rocovich v. United States*, 933 F.2d 991, 994 (Fed. Cir. 1991), *aff'd in relevant part*, *Martinez v. United States*, 281 F.3d 1376 (Fed. Cir. 2002).

Parties may challenge subject matter jurisdiction either by challenging the sufficiency of the pleading's allegations or by challenging the factual basis for the Court's subject matter jurisdiction. *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993). If the challenge is to the sufficiency of allegations, then the Court must accept the allegations within the pleading as true. *Id.* at 1583-84. If, however, the challenge is to the factual basis for the Court's subject matter jurisdiction, the Court may look beyond the pleadings to resolve the factual dispute. *Id.* at 1584 (citing *Land v. Dollar*, 330 U.S. 731, 735 n. 4 (1947)).

The United States asserts that the IRS added tax relief credits of $1,200 and $600 to Mr. Williams's 2020 tax refund. (Def.'s Mot., Ex. A). The IRS then mailed a refund check to

---

[1] While Mr. Williams does not identify which tax years are the basis for his claim, the Court assumes that Mr. Williams seeks relief for the 2020 and 2021 tax years as all EIPs were issued during that time. (Def,'s Mot., at 1, ECF No. 11).

Tomoka Correctional Institution ("Tomoka"), a Florida state correctional institution, where Mr. Williams was incarcerated at the time and, to this Court's knowledge, where Mr. Williams presently remains incarcerated. (*Id.* Exs. B, C). Similarly, the United States argues that the IRS added a tax relief credit of $1,400 to Mr. Williams's 2021 tax refund and mailed a refund check to Tomoka. (*Id.* Exs. D, E). Copies of the checks provided in the United States' Motion to Dismiss show that the Florida Department of Corrections endorsed both checks before depositing them in an inmate trust account.[2] (*Id.* Exs. B, E). Thus, the United States asserts that Mr. Williams has, in fact, received the relief that he seeks from this Court. Mr. Williams's sole assertion before this Court is that the IRS wrongfully withheld his CARES Act tax credits. (Compl. at 3, ECF No. 1). The United States argues that the IRS has, in fact, issued the EIPs Mr. Williams requests, thus he presents no live case or controversy. (Def.'s Mot. at 4). This challenge to the factual basis for the Court's subject matter jurisdiction establishes a dispute as to the underlying jurisdictional facts. *Cedars-Sinai Med. Ctr.*, 11 F.3d at 1583-84. Therefore, to determine whether there is a claim or controversy for the Court to resolve, the Court may review both the pleadings and extrinsic evidence provided by the parties. As explained below, because the evidence establishes that the IRS did issue Mr. Williams's CARES Act tax credits, and because this is not contested by Mr. Williams, a judgment by this Court would not affect the rights of the parties before it.

As to tax year 2020, Mr. Williams filed his Form 1040, U.S. Individual Income Tax Return, on May 31, 2021. (Def.'s Mot. Ex. A). The undisputed evidence establishes that the IRS added tax credits in the amounts of $1,200 and $600 to Mr. Williams's 2020 tax account. (*Id.*). The IRS then mailed a refund check in the amount of $1,805.19 to Tomoka. (*Id.* Ex. B). The check was endorsed by the Florida Department of Corrections and deposited into an inmate trust account on June 14, 2021. (*Id.*). This evidence establishes that the IRS provided Mr. Williams with the appropriate tax credits for the tax year 2020, and the plaintiff has not challenged this evidence.

The same is true for tax year 2021. Mr. Williams filed his Form 1040 for the 2021 tax year on September 12, 2022. (Def.'s Mot. Ex. D). The IRS added a $1,400 tax credit to Mr. William's 2021 tax year account on June 14, 2021. (*Id.*). A check in that amount was mailed to Tomoka. (*Id.* Ex. E). The check was similarly endorsed by the Florida Department of Corrections and deposited into an inmate trust account on June 23, 2021. *(Id.*). Mr. Williams has not challenged these findings and the evidence establishes that the IRS similarly provided Mr. Williams with the appropriate tax credits for the tax year 2021.

---

[2] An inmate trust account is an account established by the prison system on behalf of the inmate. *Salter v. United States*, 119 Fed. Cl. 359, 360-61 (2014). The department of corrections acts as a trustee of the account with the inmate as the beneficiary. *Id.* Funds are added to the account through gifts from approved visitors and earnings from prison employment. *See* Fla. Dep't of Corrs., *Frequently Asked Questions Regarding Inmate Funds*, http://www.dc.state.fl.us/ci/funds.html (last visited Mar. 21, 2023). Funds may be withdrawn to pay court fees or to purchase items at the prison's commissary, among other purposes. *Id.*

In analyzing both the pleadings and the extrinsic evidence provided by the United States, the Court finds that the IRS did issue Mr. Williams's EIPs for tax years 2020 and 2021. Mr. Williams offers nothing to challenge these allegations, let alone to fulfill his burden of establishing this Court's jurisdiction by a preponderance of the evidence. Because Mr. Williams has received his sought relief, there is no live claim or controversy between the parties, making the issue moot, and depriving this Court of jurisdiction. *Los Angeles Cnty. v. Davis*, 440 U.S. 625, 634 (1979*)*.

Accordingly, the United States' Motion to Dismiss (ECF No. 11) is **GRANTED.** For the stated reasons, the matter is **DISMISSED** for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1). The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

*David A. Tapp*
DAVID A. TAPP, Judge