**John M. KEARNS, Appellant,**

v.

**C.A. TURNER, Warden, United States Medical Center, Appellee.**

No. 87–1983.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 21, 1987.

Decided Jan. 21, 1988.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

ARNOLD, Circuit Judge.

This case concerns the temporary transfer of appellant John M. Kearns from federal custody to the custody of Missouri state authorities, for the purpose of sentencing on a state conviction. Kearns argues that the transfer violated the Interstate Agreement on Detainers Act (IAD), 18 U.S.C.App. § 2 (1982). The District Court[1] dismissed his complaint without prejudice, and we affirm.

In 1981 Kearns was convicted in a Missouri state court on a charge of stealing. At the time of this conviction, Kearns was on parole from a federal sentence. He failed to appear for sentencing on the state charge. In January 1986 Kearns was arrested in Kansas City, Missouri, on a federal parole violator warrant, and was then returned to federal prison.

While Kearns was in custody at the United States Medical Center for Federal Prisoners (MCFP) at Springfield, Missouri, a Missouri warrant was lodged against him as a detainer. On May 19, 1987, the Circuit Court of Greene County, Missouri issued a writ of habeas corpus for Kearns, "for the purpose of hearing on the charge of stealing." (Since Kearns had already been convicted, this reference to "hearing" must mean sentencing.) On May 29, 1987, Kearns was taken to Greene County. Sentencing was continued until July 17, 1987, because Kearns was not then represented by counsel, and, apparently, because a presentence report had not yet been prepared. On June 2, 1987, Kearns was returned to the MCFP.

On June 29, 1987, Kearns filed a petition for writ of habeas corpus in the District Court, relying on 28 U.S.C. §§ 2241 and 2254. Kearns claimed that, because he had been returned to federal custody without final disposition of the Missouri charge against him, any subsequent transfer based on the same charge would violate

John M. Kearns, pro se.

Robin J. Aiken, Asst. U.S. Atty., Springfield, Mo., for appellee.

---

1. The Hon. William R. Collinson, Senior United States District Judge for the Western District of      Missouri.

Article IV(e) of the IAD.[2] Kearns sought to enjoin federal officials from transferring him to state custody and to forbid state authorities from trying or "harassing" him. He also asked the Court to declare that the detainer lodged against him was invalid.

On July 15, 1987, the Court concluded that Kearns's attack on the state charges would have to be presented first to a state court. Because Kearns had not exhausted state remedies, the petition was dismissed without prejudice.

On July 17, 1987, Kearns was returned to state custody and sentenced to three years in prison. The record does not indicate whether the sentence was to run concurrently with Kearns's federal sentence. On the same day, Kearns filed a notice of appeal from the District Court decision.

 Kearns first argues that the District Court had the authority and obligation to enjoin his allegedly illegal transfer by a federal official, the MCFP warden. Insofar as Kearns sought to enjoin the transfer, however, there is no longer a live controversy. Kearns has been transferred and sentenced; the matter is moot. *Cf. Burrus v. Turnbo*, 743 F.2d 693 (9th Cir. 1984) (affirming injunction against transfer of federal prisoner in violation of the IAD), *vacated as moot sub nom. Hijar v. Burrus*, 474 U.S. 1016, 106 S.Ct. 562, 88 L.Ed. 2d 548 (1985).[3] Similarly, because there is no indication in the record that a detainer is currently lodged against Kearns, this Court has no reason to address his suggestion that he is entitled to habeas relief from any adverse effect on his federal imprisonment stemming from the allegedly illegal detainer. *See Sacco v. Falke*, 649 F.2d 634, 637 (8th Cir.1981).

Kearns's petition also challenged the legality of his future imprisonment by the State of Missouri. Kearns contends that, because the IAD is an interstate compact, the interpretation and application of which is governed by federal law, *Cuyler v. Adams*, 449 U.S. 433, 442, 101 S.Ct. 703, 708–09, 66 L.Ed.2d 641 (1981), the District Court should not have imposed an exhaustion requirement. As the District Court noted, however, state courts must be given an opportunity to address a claimed violation of the IAD before a petition for federal habeas relief may be entertained. *See Cain v. Petrovsky*, 798 F.2d 1194, 1195 (8th Cir.1986); *Sacco*, 649 F.2d at 636–37. Petitions for federal habeas are always based on federal law. A basic premise of the exhaustion doctrine is that state courts should be allowed the first chance to consider federal-law attacks on their own judgments.

Because of our disposition of this appeal, we express no opinion as to the applicability of the IAD to detainers lodged solely for the purpose of sentencing, rather than trial on an indictment, information, or complaint. *Cf. Carchman v. Nash*, 473 U.S. 716, 726, 105 S.Ct. 3401, 3406, 87 L.Ed.2d 516 (1985) (because a detainer based on violation of probation does not arise from an "untried indictment, information or complaint," Article III of the IAD does not apply to such a detainer).

Accordingly, the order of the District Court, dismissing the petition without prejudice, is affirmed.

---

**2.** Article IV(e) of the IAD refers to transfers at the request of receiving states. It provides: "If trial is not had on any indictment, information, or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to article V(e) hereof, such indictment, information, or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice." Article III(d) refers to transfers at the request of prisoners, and contains similar language. Both the United States and the State of Missouri are parties to the IAD.

*See* 18 U.S.C. app. § 2; Mo.Rev.Stat. §§ 217.490 to 217.520 (1986).

**3.** Burrus was released from federal custody while his case was pending before the Supreme Court. The Supreme Court vacated the Court of Appeals' judgment and remanded the case to the District Court with instructions to vacate the injunction and dismiss the cause as moot. *See State v. Burrus*, 151 Ariz. 581, 729 P.2d 935 (1986) (en banc) (relating history of case and holding that Burrus had waived his rights under Article IV(e)).