RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0180P (6th Cir.)
File Name: 01a0180p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

RICARDO DIAZ,
    *Petitioner-Appellant,*

    *v.*

         No. 99-4379

JOHN KINKELA, Chief, Ohio
Adult Parole Authority;
MARGARETTE T. GHEE, Chair,
Ohio Adult Parole Board;
RAYMOND CAPOTS; WILLIAM
HUDSON; GLORIA JONES; JAY
DENTON; CONSTANCE M.
UPPER; LARRY MATHEWS;
HENRY GRINNER; JIM BEDRA;
SANDRA CROKETT; PATRICK
MILLIGAN; BETTY MITCHELL;
GERALD T. MCFAUL, Sheriff,
    *Respondents-Appellees.*

Appeal from the United States District Court
for the Southern District of Ohio at Cincinnati.
No. 99-00434—S. Arthur Spiegel, District Judge.

Submitted: January 26, 2001

1

Decided and Filed:  June 4, 2001

Before:  JONES, BATCHELDER, and CLAY, Circuit
Judges.

_____

**COUNSEL**

**ON BRIEF:**  Jill E. Stone, Stephen P. Hardwick, PUBLIC
DEFENDER'S OFFICE, OHIO PUBLIC DEFENDER
COMMISSION, Columbus, Ohio, for Appellant.   Diane
Mallory, OFFICE OF THE ATTORNEY GENERAL,
CORRECTIONS LITIGATION SECTION, Columbus, Ohio,
for Appellees.

_____

**OPINION**

_____

CLAY, Circuit Judge.  Petitioner, Ricardo Diaz, appeals
from the district court's order entered on October 12, 1999,
dismissing Petitioner's application for a writ of habeas corpus
filed pursuant to 28 U.S.C. § 2254.   Petitioner filed his
application while he was incarcerated, and challenged his
incarceration for the "bad time" portion of his sentence as
imposed pursuant to Ohio Rev. Code § 2967.11.   Petitioner
alleged that § 2967.11, Ohio's "bad time" statute, was
unconstitutional under the Fourteenth Amendment's Due
Process and Equal Protection Clauses, as well as the
constitutional prohibitions against bills of attainder.
Specifically, Petitioner challenged the imposition of an
additional ninety days of imprisonment to his sentence under
§ 2967.11.

Since the time of his filing, Petitioner served the portion of
his sentence that he challenges; he was released from prison;
and he is currently on post-release control.   Respondents filed
a motion to dismiss Petitioner's application for lack of
jurisdiction as moot; a panel of this Court referred the motion

standing for us to review the merits of his case if the Ohio Supreme Court had not already declared the statute unconstitutional, inasmuch we may have found the statute unconstitutional under the United States Constitution. However, our finding the statute unconstitutional would not have required the Ohio courts to lessen Petitioner's period of post-release control by the unlawful "bad acts" time. If Petitioner seeks to have his period of post-release control reduced by the "bad acts" time, then that matter needs to be raised and exhausted before the Ohio courts; and the issue was not raised in Petitioner's application for the writ in any event. *See Keeney v. Tamayuo-Reyes*, 504 U.S. 1, 9-10 (1992) (reaffirming that a state prisoner must exhaust state remedies before a federal court may consider his petition for a writ of habeas corpus); *see also United States v. Johnson*, 529 U.S. 53, 60 (2000) (ruling on the federal defendant's motion for reduction of his supervised release term by the amount of extra time served as a result of vacated convictions, and finding the motion to be without merit because imprisonment and supervised release serve two different purposes, such that an unlawful period of imprisonment cannot serve to decrease a valid period of supervised release).

## CONCLUSION

For the above-stated reasons, Respondents' motion to dismiss the petition is **GRANTED**, where Ohio's "bad time" statute has since been declared unconstitutional by the Ohio Supreme Court, and Petitioner has served his "bad acts" time. *See Deakins v. Monaghan*, 484 U.S. 193, 199 (1988) (stating that for a federal court to have jurisdiction under Article III, an on-going controversy must exist, and "[i]t is not enough that a controversy existed at the time the complaint was filed"). To the extent that Petitioner seeks an adjudication from this Court that his period of post-release control should be decreased by the unlawful "bad acts" time, that claim is not before us and must be raised in the Ohio courts in the first instance.

to a hearing panel on June 26, 2000. *See Diaz v. Kinkela*, No. 99-4379 (6th Cir. June 26, 2000). On June 30, 2000, Respondents filed a second motion to dismiss for lack of jurisdiction as moot in light of *State ex rel. Bray v. Russell*, 729 N.E.2d 359, 361 (Ohio 2000), wherein the Ohio Supreme Court held that § 2967.11, the "bad time" statute, was unconstitutional as a violation of Ohio's separation of powers doctrine.

For the reasons set forth below, Respondents' motion to dismiss is **GRANTED**.

## BACKGROUND

On February 2, 1998, Petitioner was convicted of possession of drugs in the Court of Common Pleas in Hamilton County, Ohio, and was sentenced to two nine-month terms of imprisonment to be served consecutively. While incarcerated, Petitioner was charged with violating Ohio Rev. Code § 2923.131 (Possession of a Deadly Weapon while Under Detention) and Ohio Rev. Code § 2923.11 (Complicity to Felonious Assault); thereafter, under the authority of Ohio's newly enacted "bad time" law, Ohio Rev. Code § 2967.11, the Southern Ohio Correctional Facility Rules Infraction Board found Petitioner guilty of violating § 2923.131 and § 2923.11. The Ohio Adult Parole Board ratified these findings and ordered Petitioner incarcerated for an additional ninety days under the "bad time" law. Petitioner's original sentence expired on July 9, 1999, at which time his additional sentence commenced.

On June 11, 1999, Petitioner filed an application for a writ of habeas corpus in the district court challenging the "bad time" statute as unconstitutional under, among other things, the Fourteenth Amendment's Due Process and Equal Protection Clauses. Ultimately, on October 12, 1999, the district court dismissed Petitioner's application for the writ for failure to exhaust state court remedies, and issued Petitioner a certificate of appealability concerning the exhaustion issue. On November 12, 1999, Petitioner filed a timely notice of appeal.

## DISCUSSION

Respondents argue that the Court should grant their motion to dismiss this case for lack of jurisdiction as moot on the basis that the statute has been declared unconstitutional by the Ohio Supreme Court, Petitioner is no longer serving any "bad acts" time, and there is no redressable injury that a favorable decision from federal court could remedy.

Petitioner argues against his case being dismissed as moot by claiming that a live case or controversy exists because he continues to suffer collateral consequences as a result of the imposition of the "bad acts" time. Specifically, Petitioner contends that but for the wrongful imposition of the "bad acts" time, he would no longer be laboring under post-release control. We disagree with Petitioner's argument because even assuming that he continues to suffer collateral consequences from the imposition of "bad acts" time, the fact remains that there is no remedy available to him at this point because the only claim raised in his § 2254 petition was that the Ohio "bad time" statute was unconstitutional under the United States Constitution. Inasmuch as the statute has now been repealed and Petitioner has long since served his "bad acts" time, Petitioner's claim is moot.

Mootness has been characterized as "the doctrine of standing set in a time frame." *Arizonians for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997). In other words, in order for a case to continue through the court system, it must continually possess what was required for the case to begin – a justiciable case or controversy as required by Article III. *See* U.S. CONST. art. III, § 2, cl. 1. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). Therefore, an appellant seeking relief "must have suffered, or be threatened with, an actual injury traceable to the [appellee] and likely to be redressed by a favorable judicial decision [by the appellate court.]" *Id.* Because the continuing case or controversy requirement has its roots in the Constitution, it may not be ignored, *see United*

*States v. Alaska S.S. Co.*, 253 U.S. 113, 116 (1920), particularly when the matter involves a constitutional question. *See Burton v. United States*, 196 U.S. 283, 295 (1905) ("It is not the habit of the Court to decide questions of a constitutional nature unless absolutely necessary to a decision of the case.").

In the matter at hand, about one month before Petitioner began serving his "bad acts" time, while still incarcerated for his drug convictions, Petitioner filed an application for a writ of habeas corpus in the district court seeking an adjudication that the imposition of ninety days of incarceration under Ohio's "bad acts" statute by the Ohio Parole Adult Parole Board was unconstitutional under the United States Constitution. (J.A. at 8; "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody") ("The 90-day extension of Petitioner's prison sentence under Ohio Revised Code § 2967.11 violated his substantive and procedural right to due process under the Fourth, Fifth, Eighth, Thirteenth, and Fourteenth Amendments to the United States Constitution."). Since that time, Petitioner has long since served the ninety days "bad acts" time, and the "bad time" statute as been found unconstitutional by the Ohio Supreme Court. Therefore, at this point there simply is no injury for which this Court or the district court may afford a remedy, thus making Petitioner's claim moot. *See Lewis*, 494 U.S. at 477.

Petitioner attempts to avoid the mootness doctrine by arguing that he continues to suffer a continuing wrong because but for the wrongful imposition of ninety days "bad acts" time, he would have begun his period of post-release control that much sooner. However, Petitioner's claim puts him in no better position since, even if we were to agree with Petitioner's argument for purposes of looking at the merits of his petition, we still would only be left with the issue of whether Ohio's now repealed "bad time" statute is unconstitutional under the United States Constitution. Petitioner's claim that he continues to suffer collateral consequences of the "bad acts" time may have afforded him