**Derek FREDETTE, Petitioner–Appellant,**

v.

**John HEMINGWAY, Warden, Respondent–Appellee.**

No. 02–1884.

United States Court of Appeals, Sixth Circuit.

April 1, 2003.

**930**

Before: DAUGHTREY and GIBBONS, Circuit Judges; and MILLS, District Judge.*

### ORDER

Derek Fredette, a federal prisoner proceeding pro se, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Following a jury trial in the United States District Court for the District of Wyoming, Fredette was found guilty of conspiracy to commit mail and wire fraud,

in violation of 18 U.S.C. § 371; mail fraud, in violation of 18 U.S.C. § 1341; and wire fraud, in violation of 18 U.S.C. § 1343. On October 24, 2001, Fredette was sentenced to serve a total of eighty-four months of imprisonment followed by three years of supervised release.

In his combined § 2241 petition and "emergency motion for temporary restraining order," signed on February 12, 2002, received by the district court on February 14, 2002, and filed on February 21, 2002, Fredette requested injunctive relief to prevent his transfer from the Federal Correctional Institution located in Milan, Michigan ("FCI–Milan"), to the state of Florida. Fredette explained that on January 18, 2002, the state of Florida lodged a detainer against him pursuant to the Interstate Agreement on Detainers Act ("IAD"), 18 U.S.C.App. § 2. On February 6, 2002, the detainer was removed upon the request of the state of Florida. The state of Florida subsequently obtained a writ of habeas corpus ad prosequendum in order to compel Fredette's attendance in court to answer pending state criminal charges. On February 10, 2002, Fredette requested an appeal to Hemingway, warden of FCI–Milan, in an effort to challenge his impending transfer to the state of Florida. Fredette did not indicate whether or not Hemingway responded to his appeal.

Fredette alleged that under Article IV(a) of the IAD, he is entitled to a period of thirty days after the appropriate authorities receive a detainer within which to contest the detainer and that the thirty-day period "will elapse on February 19, 2002." According to Fredette, if he "is released into temporary custody to the State of Florida, before the 30 day time lapses, [he] will be irreparably harmed as he will be prevented from exercising his

---

* The Honorable Richard Mills, United States District Judge for the Central District of Illi-      nois, sitting by designation.

right of appeal under the IAD." As relief, Fredette requested the court to "order the Respondent, in his capacity as Warden of F.C.I. Milan, not to release [him] into temporary custody or transfer him from this Court's Judicial District until his forthcoming writ of habeas petition is decided." Fredette was transferred to the state of Florida on February 14, 2002, the same day that his petition was received by the district court.

A magistrate judge filed a report recommending dismissal of the petition and motion for a temporary restraining order as moot and, alternatively, for lack of merit. Over Fredette's objections, the district court accepted and adopted the magistrate judge's report and recommendation, dismissing the petition for a writ of habeas corpus and denying as moot the motion for a temporary restraining order. Fredette filed a timely appeal.

We review de novo the dismissal of a § 2241 petition for a writ of habeas corpus. *United States v. Peterman,* 249 F.3d 458, 461 (6th Cir.2001); *Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999). Specifically, a habeas corpus petition based on an alleged violation of the IAD is reviewed de novo. *Johnson v. Stagner,* 781 F.2d 758, 761 (9th Cir.1986) (habeas corpus petition filed pursuant to 28 U.S.C. § 2254). Such review indicates that the district court properly dismissed Fredette's petition.

Article III of the Constitution states that federal courts "may only adjudicate actual, ongoing controversies." *Honig v. Doe,* 484 U.S. 305, 317, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988); *see also Diaz v. Kinkela,* 253 F.3d 241, 243 (6th Cir.2001). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 396, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980) (quoting *Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969)). In other words, "when events occur during the pendency of a litigation which render the court unable to grant the requested relief," the case is moot. *Speer v. City of Oregon,* 847 F.2d 310, 311 (6th Cir.1988) (quoting *Carras v. Williams,* 807 F.2d 1286, 1289 (6th Cir.1986)). There is, however, an exception to the mootness doctrine for claims that are capable of repetition, yet evade review. *Id.* Such exception "requires not only that 'the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration,' but also that 'there was a reasonable expectation that the *same* complaining party would be subjected to the same action again.'" *Sandison v. Mich. High Sch. Athletic Ass'n, Inc.,* 64 F.3d 1026, 1029-30 (6th Cir.1995) (quoting *Murphy v. Hunt,* 455 U.S. 478, 482, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982) (emphasis added)).

Fredette sought only injunctive relief in the form of an order preventing his transfer from federal to state custody as a result of the state of Florida's detainer and subsequent writ of habeas corpus ad prosequendum. When his petition reached the district court, however, Fredette had already been transferred to Florida authorities. Therefore, Fredette's claim for relief is moot, since the district court was unable to grant the relief requested. *See Diaz,* 253 F.3d at 243-44; *Kearns v. Turner,* 837 F.2d 336, 338 (8th Cir.1988). Fredette's claim was not capable of repetition, yet evading review, because there is no reasonable expectation that he will be subjected to the same action again. *See Sandison,* 64 F.3d at 1030.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.