*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 06a0304p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

CAM I, INC. and BLUE SKY VIDEO, INC.,

      *Plaintiffs-Appellants,*

  *v.*

LOUISVILLE/JEFFERSON COUNTY METRO
GOVERNMENT,

      *Defendant-Appellee.*

No. 03-6620

>

---

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
No. 02-00715—Charles R. Simpson III, District Judge.

Argued: July 25, 2006

Decided and Filed: August 18, 2006

Before: MOORE, CLAY, and GRIFFIN, Circuit Judges.

---

**COUNSEL**

**ARGUED:** H. Louis Sirkin, SIRKIN, PINALES & SCHWARTZ, Cincinnati, Ohio, for Appellants. N. Scott Lilly, JEFFERSON COUNTY ATTORNEY'S OFFICE, Louisville, Kentucky, for Appellee. **ON BRIEF:** H. Louis Sirkin, Jennifer M. Kinsley, SIRKIN, PINALES & SCHWARTZ, Cincinnati, Ohio, C. Michael Hatzell, HATZELL & GROVES, Louisville, Kentucky, for Appellants. N. Scott Lilly, JEFFERSON COUNTY ATTORNEY'S OFFICE, Louisville, Kentucky, for Appellee.

---

**OPINION**

---

  CLAY, Circuit Judge. Plaintiffs, Cam I, Inc. and Blue Sky Video, Inc., ("Plaintiffs") appeal the district court's November 17, 2003 order, denying Plaintiffs' motion to alter, amend, or vacate the district court's July 18, 2003 order. The district court's July 18, 2003 order modified a March 21, 2003 preliminary injunction, which had enjoined Defendant, Louisville/Jefferson County Metro Government, from enforcing an adult entertainment ordinance in its entirety. The July 18, 2003 modification severed the ordinance's licensing provisions from the remainder of the ordinance, thereby permitting Defendant to enforce the zoning and construction provisions of the ordinance. Because severance was proper, we **AFFIRM** the order of the district court.

## I.

Plaintiffs are adult entertainment bookstores subject to the provisions of Jefferson County's adult entertainment establishment ordinance ("Chapter 111"). On November 25, 2002, Plaintiffs filed a complaint in federal district court alleging that Chapter 111 violated the First, Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments of the United States Constitution and corollary provisions of the Kentucky Constitution. In particular, Plaintiffs alleged that Chapter 111 (1) failed to provide adequate mechanisms for expedited judicial review of license denials, suspensions, and revocations; (2) failed to sufficiently curb the discretion of city officials to deny or delay the issuance of a license; and (3) effectively zoned adult entertainment establishments out of Jefferson County.

On March 21, 2003, the district court granted Plaintiffs a preliminary injunction. The district court held that the licensing provisions of Chapter 111 were probably unconstitutional and enjoined the enforcement of Chapter 111 in its entirety. In response, Defendant moved to alter, amend, or modify the preliminary injunction. Specifically, Defendant requested that the district court sever the licensing provisions from the remainder of the ordinance and permit Defendant to enforce the zoning and construction restrictions.

On July 18, 2003, the district court granted Defendant's motion and modified the preliminary injunction to enjoin only the licensing provisions of Chapter 111. Objecting to the modifications, Plaintiffs filed their own motion to amend, alter, or vacate the district court's July 18, 2003 order. Plaintiffs argued the law of this Circuit required the district court to enjoin Chapter 111 in full after finding that its licensing provisions were probably unconstitutional. Accordingly, Plaintiffs requested that the district court reinstate the original injunction. The district court denied Plaintiffs' motion on November 17, 2003. Plaintiffs appealed the district court's November 17, 2003 order, and it is the appeal of this order that is before the Court today.

In the meantime, Defendant amended Chapter 111's licensing scheme to respond to the concerns articulated by the district court in its March 21, 2003 order. The resulting Ordinance 50 (1) ameliorated the harsh effects of the licensing provisions by requiring the County to issue temporary licenses to applicants pending the issuance or denial of a license; (2) removed the provision requiring license applicants to obtain compliance documents, thereby eliminating an agency's ability to delay license issuance by failing to timely grant compliance certificates; and (3) added a severance clause stating that "each section and provision" of the ordinance is independent and shall not be invalid due to another section or provision's invalidity.

Additionally, while Plaintiffs' appeal was pending, Defendant filed a motion with this Court to dismiss Plaintiffs' appeal and remand the instant case to the district court. Defendant argued both that Plaintiffs' appeal was moot in light of the amendments to Chapter 111 and that Chapter 111 was constitutional in light of the Supreme Court's June 7, 2004 decision in *City of Littleton v. Z.J. Gifts*, 541 U.S. 774 (2004). This Court denied Defendant's motion on September 28, 2004 and advised Defendant to seek modification of the preliminary injunction in the district court. Nonetheless, Defendant maintains its position that Plaintiffs' appeal is moot and that *Littleton* provides an alternative basis for affirming the district court's order.

In response, Plaintiffs ask this Court to strike Defendant's brief on appeal as non-responsive. According to Plaintiff, the constitutionality of the licensing provisions is not at issue in the instant appeal because Defendant failed to appeal the district court's March 21, 2003 and July 18, 2003 orders, both of which held that the licensing provisions were probably unconstitutional. Thus, Plaintiffs argue, inasmuch as Defendant's brief argues that *Littleton* and the amendments to Chapter 111 render the licensing provisions constitutional, Defendant's brief is non-responsive to the issues on appeal.

## II.

For the purposes of this appeal, we review Chapter 111 as amended. *Kentucky Right to Life v. Terry*, 108 F.3d 637, 639, 644 (1997) (reviewing amended statute). Because we find that the district court properly severed the licensing provisions from the remainder of Chapter 111, we affirm the November 17, 2003 order of the district court.

### A.          Jurisdiction

The amendments to Chapter 111 do not render the issues in this case moot. A case is only moot when a live controversy no longer exists such that a court is no longer able to affect the legal relations between the parties. *See, e.g., Diaz v. Kinkela*, 253 F.3d 241, 243 (6th Cir. 2001). As this Court explained when addressing mootness on a previous occasion:

> "[A] controversy does not cease to exist by mere virtue of a change in the applicable law." *Public Serv. Co. of Col. v. Shoshone-Bannock Tribes*, 30 F.3d 1203, 1205 (9th Cir.1994). As the Supreme Court recognized in *Northeastern Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville*, 508 U.S. 656, 113 S.Ct. 2297, 124 L.Ed.2d 586 (1993), where the new statute is substantially similar to the old statute and operates in "the same fundamental way," the statutory change has not "sufficiently altered [the circumstances] so as to present a substantially different controversy," and the case is not moot. *Id.* at 662 & n. 3, 113 S.Ct. 2297; *see also Rosenstiel v. Rodriguez*, 101 F.3d 1544, 1548 (8th Cir.1996), *cert. denied*, 520 U.S. 1229, 117 S.Ct. 1820, 137 L.Ed.2d 1028 (1997). In other words, where the changes in the law arguably do not remove the harm or threatened harm underlying the dispute, "the case remains alive and suitable for judicial determination." *Shoshone-Bannock Tribes*, 30 F.3d at 1205.

*Hadix v. Johnson*, 144 F.3d 925, 933 (6th Cir. 1998), *overruled on other grounds*, *Miller v. French*, 530 U.S. 327, 338-39 (2000). The amendments in the instant case did not completely remove the alleged harm. Plaintiffs' primary objection to Chapter 111's licensing provision is its failure to provide a mechanism for *expedited* judicial review of license denials, revocations, and suspensions, which Plaintiffs contend is required by First Amendment case law. Although the new statute now contains judicial review provisions, the new statute does not provide for an *expedited* judicial review process. Instead, it simply permits affected parties to appeal the license denials, revocations, and suspensions through the normal Kentucky court process. Thus, as Plaintiffs' reply brief on appeal makes clear, Plaintiffs still believe that the statute is unconstitutional for the reasons set forth in their original complaint.

### B.          Severance

This Court "reviews a district court's order dissolving [or denying] a preliminary injunction for abuse of discretion, reviewing *de novo* where the dissolution [or denial] is based upon a legal conclusion." *Deja Vu of Nashville v. Metro. Gov't of Nashville,* 274 F.3d 377, 400 (6th Cir. 2001). Because the appropriateness of severance is a legal conclusion, this Court reviews the propriety of the district court's actions in this case *de novo. See id.* As will be explained below, the district court did not err in severing the construction and zoning provisions of Chapter 111 from the licensing provisions. Accordingly, we affirm the district court's decision to deny Plaintiffs' motion to amend, alter, or vacate the district court's July 18, 2003 order.

The Supreme Court has articulated a policy of refraining from "nullify[ing] more of a legislature's work than is necessary . . . [because] it frustrates the intent of the elected representatives of the people." *Ayotte v. Planned Parenthood*, — U.S. —, 126 S. Ct. 961, 967 (2006). Thus, an unconstitutional provision of a statute "must be severed [from the remainder of

the statute] unless the statute created in its absence is legislation that [the law-making body] would not have enacted." *Alaska Airlines, Inc. v. Brock*, 480 U.S. 678, 685 (1987). Generally, federal courts may not invalidate statutory provisions that are (1) "constitutionally valid," or otherwise in compliance with federal law, (2) capable of "functioning independently" from the severed provision, and (3) operate in a manner consistent with the law-making body's objectives in enacting the statute. *United States v. Booker*, 543 U.S. 220, 258-59 (2005) (Breyer, J., writing for the majority).

In this case, the district court properly severed the licensing provisions from the remainder of the adult entertainment ordinance because the zoning and construction provisions of the ordinance comply with all three requirements set forth in *Booker*. First, Plaintiffs have conceded for the purpose of this appeal that the zoning and construction provisions of the statute are constitutional. Second, the zoning and construction provisions operate independently from the licensing provision. There is no reason why Plaintiffs cannot operate their establishments in the proper part of town and in the proper type of building without an adult entertainment license from the Louisville/Jefferson County Metro Council. Third, allowing the zoning and construction provisions to stand, despite the invalidity of the licensing provision, is consistent with the objectives of the Louisville Metro Council in adopting the ordinance. The Council aimed to limit the secondary effects of the adult entertainment industry on Louisville when it enacated the statute. The zoning provisions do just that by limiting the effects of adult entertainment to limited areas of Louisville. The construction provisions of the ordinance limit the secondary effects by limiting opportunities for illegal prostitution. Most importantly, however, the amended ordinance contains a severability provision, indicating that the Council intended that each provision remain in force despite the invalidity of another provision. *See Bronco's Entm't, Ltd. v. Charter Twp. of Van Buren*, 421 F.3d 440, 449 (6th Cir. 2005) (severing a licensing scheme from the remaining portions of an adult entertainment ordinance in light of a severance clause).

Plaintiffs' reliance on *Deja Vu of Nashville v. Metropolitan Government of Nashville*, 274 F.3d 377, to support invalidation of the entire ordinance is misplaced. *Deja Vu of Nashville* does not, as Plaintiffs' argue, stand for the proposition that all statutes containing facially invalid licensing schemes are unconstitutional in full. In *Deja Vu of Nashville* this Court addressed the constitutionality of a licensing scheme that contained inadequate provisions for judicial review. This Court held that the entire ordinance had to be enjoined, explaining:

> The lack of a judicial review provision renders the entire statute unconstitutional, and therefore, severing the ineffectual provision will not save the same statute. Under these circumstances, we cannot give effect to the severability clause, but must enjoin enforcement of the entire ordinance.

*Id.* at 402-3; *see also Deja Vu of Kentucky, Inc. v. Lexington-Fayette Urban County Gov't*, 194 F. Supp. 2d 606, 618 (E.D. Ky. 2002) (following *Deja Vu of Nashville*). Importantly, the "circumstances" mentioned to in the above quoted language referred to the nature of the statute, a pure licensing scheme. In other words, the statute at issue in *Deja Vu of Nashville* did not contain any provisions independent from the unconstitutional licensing provisions. Instead, it contained provisions: (1) defining eligibility for licenses; (2) establishing grounds for license revocation; (3) setting fees for obtaining licenses; and (4) requiring "licensed" establishments to comply with a "no-touch/buffer zone." *See id.* at 386. Because all of the statutory provisions were dependant on the existence of a license, the unavailability of judicial review of license denials rendered the entire ordinance unconstitutional. As discussed above, the zoning and construction provisions in the instant case are independent from the licensing provisions.

This Court's decision in *Bronco Entertainment,* 421 F.3d at 449, supports our interpretation of *Deja Vu of Nashville*. In *Bronco Entertainment*, this Court severed licensing provisions of an adult entertainment ordinance from the remainder of the ordinance, including the zoning provisions.

*Id.* Citing *Deja Vu of Nashville*, the Court held that the remaining provisions of the ordinance at issue were sufficiently independent to stand alone. *Id.* Because the provisions at issue in this case are, like the severed provisions in *Bronco*, zoning provisions, we find that *Deja Vu of Nashville* is inapplicable to the instant case and affirm the district court's severance of the licensing provisions from the zoning and construction provisions.

## C.      Motion to Strike

Because the district court did not err in severing the licensing provisions from the remaining provisions of Chapter 111, we need not reach Defendant's argument that *Littleton* provides an alternative basis for affirming the November 17, 2003 order of the district court. Accordingly, Plaintiffs' motion to strike Defendant's brief as non-responsive is denied as moot. *See Patmon v. Thomas*, Nos. 95-1508, 95-1569, 1997 WL 299377, at *5 (6th Cir. June 4, 1997).

## III.

For the reasons set forth above, we **AFFIRM** the district court's denial of Plaintiffs' motion to amend, alter, or vacate the district court's July 18, 2003 order, and **DENY** Plaintiffs' motion to strike Defendant's brief as moot.