**F I L E D**

**UNITED STATES COURT OF APPEALS**

**December 26, 2006**

**TENTH CIRCUIT**

DOUGLAS W. THOMPSON,

         Petitioner-Appellant,

v.

DUKE TERRELL, Warden, USP-Leavenworth; and DANA D. THOMPSON, Acting Chairman, Missouri Board of Probation and Parole,

         Respondents-Appellees.

No. 06-3237

(D.C. No. 05-CV-3358-RDR)

(D. Kan.)

**ORDER**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

After examining Petitioner's brief and the record on appeal, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner filed this 28 U.S.C. § 2241 petition in September 2005, seeking relief from a detainer lodged against him by the State of Missouri. At the time

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

the petition was filed, Petitioner was serving a twenty-year federal sentence at the United States Penitentiary in Leavenworth, Kansas. Before the district court had made a ruling, however, Petitioner's federal prison term expired, and he was transferred to Missouri custody.

Petitioner first challenged the Missouri detainer in 1988. In his 1988 habeas petition, he argued that he was entitled to complete release from Missouri custody because the State had acted vindictively in imprisoning him and in failing to conduct a timely parole revocation hearing; that Mo. Ann. Stat. § 558.011.4(1)(c) should have been applied to mandate his release after five years of parole; and that he deserved parole credit for the two years he served in prison due to the State's unlawful refusal to grant parole. *See Thompson v. Mo. Bd. of Parole*, 929 F.2d 396, 399-401 (8th Cir. 1991). The Eighth Circuit reversed the district court's denial of habeas relief, holding that Petitioner deserved parole credit for the two years he was unlawfully incarcerated. *Id.* at 401. After crediting the two years of prison time toward his parole, the circuit court found that Petitioner had served five years on parole and, consequently, was eligible for parole discharge consideration. *Id.* at 401-02. The circuit court specifically noted, however, that its order did not entitle Petitioner to discharge from parole but only required the Missouri parole board to *consider* him for parole discharge. *Id.* at 401 n.12. The court held that Petitioner's other claims, which asserted various reasons why he was entitled to complete release, lacked merit.

In the instant petition, Petitioner again argues that he is entitled to parole discharge based either on the Missouri statute or on the vindictive and unlawful actions of Missouri officials in imprisoning him and unlawfully denying him parole discharge. The district court denied the petition as an abuse of the writ.[1]

Petitioner must obtain a certificate of appealability in order to challenge the district court's denial of his habeas petition. *See Montez v. McKinna*, 208 F.3d 862, 867 n.6 (10th Cir. 2000). Because the district court denied his habeas petition on procedural grounds, a certificate of appealability will issue only if he can show that jurists of reason would find it debatable both "whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We are allowed and encouraged to resolve the procedural issues before addressing the constitutional questions. *See id.* at 485.

---

[1] The district court did not consider Petitioner's allegation, raised in his traverse, that the Missouri parole board refused to hold a parole discharge hearing as ordered by the Eighth Circuit. Petitioner now informs us that Missouri conducted a parole hearing in September 2006, which makes this allegation moot. *See Shakur v. Wiley*, 156 Fed. App'x 137 (11th Cir. 2005) (unpublished) (agreeing with the district court's conclusion that "any claim that [the petitioner] did not receive [a parole eligibility] hearing is moot, as he received a parole consideration hearing in 2002"). As to Petitioner's assertion that the September 2006 parole hearing was conducted unlawfully and/or improperly, we do not consider this allegation, which was raised for the first time in Petitioner's supplemental briefs. This claim is not properly before us because—due to the fact that the hearing had not yet occurred at the time of the district court's ruling—it was not raised below. *See Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992).

As an initial matter, we note that Petitioner's claims against Warden Duke Terrell are now moot. The only relief Petitioner could have obtained from Warden Terrell was an injunction to prevent him from releasing Petitioner into Missouri's custody. Now that this event has occurred, there is no effectual relief he could obtain from Warden Terrell. *See Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992); *Fredette v. Hemingway*, 65 Fed. App'x 929, 931 (6th Cir. 2003) (unpublished) (prisoner's petition for injunctive relief, seeking prevention of his transfer from federal to state custody under a state detainer, was moot due to the fact that he had already been transferred, rendering the court unable to grant the relief requested). Because there is no reasonable expectation that Petitioner will be subjected to this same action again, this is not the type of claim to which an exception to the mootness doctrine applies. *See Murphy v. Hunt*, 455 U.S. 478, 482 (1982); *Fredette*, 65 Fed. App'x at 931.

As to Petitioner's claims that he is entitled to parole discharge based on the state statute and/or on the prior vindictive actions of Missouri state officials, these claims have been considered on the merits and resolved against Petitioner by other federal courts, including the Eighth Circuit. We note that the Eighth Circuit did not hold that Petitioner was entitled to parole discharge, but only that he was entitled to parole discharge consideration; this process was met. A habeas court generally will not reach the merits of a successive claim, which raises grounds identical to grounds raised and decided on the merits in a previous

petition.  *Sanders v. United States*, 373 U.S. 1, 15 (1963).  We agree with the district court that nothing in the record supports a finding of cause and prejudice or a fundamental miscarriage of justice, and thus that there is no reason the district court should not have dismissed the claims as an abuse of the writ.  *See George v. Perrill*, 62 F.3d 333, 335 (10th Cir. 1995).

After reviewing Petitioner's filings and the record on appeal, we conclude that no reasonable jurist would find that Petitioner's claims should not have been dismissed on procedural grounds.  Therefore, we **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal.  Petitioner's motion to expedite is **DISMISSED** as moot.

Entered for the Court

Monroe G. McKay
Circuit Judge