NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0447n.06

No. 21-5476

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

DERIC LOSTUTTER, aka Deric James Lostutter;  )
ROBERT CALVIN LANGDON; BONIFACIO R.  )
ALEMAN,  )
         Plaintiffs-Appellants,  )
           )
         v.  )
           )
COMMONWEALTH OF KENTUCKY, et al.,  )
         Defendants,  )
           )
ANDREW G. BESHEAR, in his official capacity as  )
Governor of Kentucky,  )
         Defendant-Appellee.  )
           )

**FILED**
Oct 04, 2021
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY AT LONDON

**BEFORE: BOGGS, WHITE, and READLER, Circuit Judges.**

**HELENE N. WHITE, Circuit Judge.** Plaintiffs-Appellants Deric Lostutter, Robert Calvin Langdon, and Bonifacio R. Aleman (collectively, Plaintiffs) appeal the district court's dismissal of this action as moot on the basis that Plaintiffs appeared to have received their requested relief—a non-arbitrary system for restoring voting rights to Kentuckians who are convicted felons. We REVERSE and REMAND.

**I.**

Kentucky law provides that persons who qualify to vote under section 145 of the Kentucky Constitution, and who are properly registered, may vote for all officers to be elected and on all public questions submitted for determination. Ky. Rev. Stat. Ann. § 116.025(1). Section 145 of

the Kentucky Constitution also states, as relevant here, that persons who have been convicted of a felony in any court do not qualify to vote, unless this civil right has been restored by executive pardon. Ky. Const. § 145. A Kentucky statute provides the administrative process by which a person's right to vote may be restored: a convicted felon may submit a request for restoration of civil rights to the state Department of Corrections and, if the Department of Corrections determines that the felon qualifies as an "eligible offender,"[1] the request will be forwarded to the Governor "for consideration of a partial pardon." Ky. Rev. Stat. Ann. § 196.045.

When Plaintiffs filed the operative complaint, brought under 42 U.S.C. § 1983, all Kentuckians who were convicted felons had to follow the process described above. Plaintiffs alleged that the unfettered discretion accorded the Governor in granting or denying requests for restoration of voting rights, and the lack of definite time limits on the Governor's processing of such requests, violate the First Amendment. For relief, Plaintiffs asked that this voter-restoration scheme be declared unconstitutional, and that then-Governor Matt Bevin be enjoined from employing it and be ordered to establish a non-arbitrary voter-restoration scheme.

The action survived a motion to dismiss and the litigation proceeded to summary judgment, but then the landscape changed somewhat when newly elected Governor Andy Beshear issued Executive Order (EO) 2019-003. Pursuant to EO 2019-003, convicted felons' right to vote is now automatically restored upon the final discharge or expiration of sentence, provided the crime of conviction was a Kentucky offense not involving treason, bribery in an election, criminal or fetal homicide, second-degree assault or assault under extreme emotional disturbance, first-degree strangulation, human trafficking, or violence as defined by Ky. Rev. Stat. Ann. § 439.3401. For

---

[1] "Eligible felony offender" is defined as a person convicted of one or more felonies who has received a final discharge or expiration of sentence, does not have any pending warrants, charges, or indictments, and does not owe any outstanding restitution. Ky. Rev. Stat. Ann. § 196.045(2).

those not entitled to automatic restoration, nothing changed—they must still seek a partial pardon to restore their right to vote, and thus remain subject to the Governor's discretion.

After EO 2019-003 was issued, three plaintiffs automatically became eligible to vote and the district court dismissed their claims as moot.[2] Plaintiffs' claims were not dismissed at that time because they do not qualify for automatic restoration under EO 2019-003. However, the district court later dismissed their claims on summary judgment, after concluding that EO 2019-003 appeared to provide the only relief Plaintiffs requested: non-arbitrary criteria to guide the process for restoration of voting rights. The district court further stated that, even if the Governor maintained discretion with respect to restoring Plaintiffs' voting rights, their claims were moot because they did not seek the restoration of these rights.

Plaintiffs moved for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). The district court denied the motion, concluding that Plaintiffs simply sought to relitigate issues that it had already considered, and, thus, the proper recourse was to file an appeal. Plaintiffs did so, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

We review questions of mootness de novo.[3] *Sullivan v. Benningfield*, 920 F.3d 401, 407 (6th Cir. 2019). Under Article III, federal courts may only adjudicate actual, ongoing controversies where the relief requested would have a real impact on the legal interests of the parties. *Thompson v. DeWine*, 7 F.4th 521, 523 (6th Cir. 2021). Thus, if "'the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome,' then the case is moot and the court

---

[2] Earlier, another plaintiff's right to vote was restored by Governor Bevin and she was dismissed from the action as well.

[3] We address, as one, the district court's determination of mootness at summary judgment and its Rule 59(e) ruling denying reconsideration of this determination. *See Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020).

has no jurisdiction." *Libertarian Party of Ohio v. Blackwell*, 462 F.3d 579, 584 (6th Cir. 2006) (quoting *Los Angeles Cnty. v. Davis*, 440 U.S. 625, 631 (1979)).

The district court concluded that Plaintiffs' claims are moot because EO 2019-003 appeared to provide the relief they requested—replacing the state's prior discretionary voter-restoration scheme with an automatic, non-discretionary one in accordance with Plaintiffs' interpretation of the First Amendment. We disagree.

To be sure, EO 2019-003 established a separate non-discretionary restoration track for certain felons who qualify, but Lostutter and Langdon do not qualify because they were convicted, respectively, of a federal offense and of second-degree assault under Kentucky law.[4] For felons like them, EO 2019-003 left intact the discretionary scheme set out in Ky. Const. § 145 and Ky. Rev. Stat. Ann. § 196.045, which is the same one challenged in the operative complaint. Thus, EO 2019-003 did not remove the harms that Lostutter and Langdon allege, and the case remains suitable for judicial determination. *Cam I, Inc. v. Louisville/Jefferson Cnty. Metro Gov't*, 460 F.3d 717, 720 (6th Cir. 2006); *cf. Hand v. DeSantis*, 946 F.3d 1272, 1275 (11th Cir. 2020) ("[E]ach individual plaintiff is eligible to seek re-enfranchisement under Florida's new system. Thus, no plaintiff requires relief from Florida's former re-enfranchisement system.").

The district court additionally determined that Plaintiffs' claims are moot because they failed to seek the restoration of their individual voting rights. However, "[t]he test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties." *Ford v. Wilder*, 469 F.3d 500, 504 (6th Cir. 2006) (quoting *McPherson v. Mich. High*

---

[4] Regarding Aleman, Plaintiffs maintain that he does not qualify for automatic restoration of his right to vote because he was convicted of first-degree robbery. However, it appears that only first-degree robberies committed after July 15, 2002 are considered disqualifying violent offenses, Ky. Rev. Stat. Ann. § 439.3401(8), and the record suggests that Aleman was convicted of this offense in 1997. The district court should clarify Aleman's status on remand.

*Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997)); *see also Chafin v. Chafin*, 568 U.S. 165, 172 (2013) ("[A] case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party[.]" (internal quotation marks omitted)). Here, Plaintiffs requested: (1) a declaration that Kentucky's discretionary voter-restoration scheme is unconstitutional; (2) an injunction enjoining the Governor from employing it; and (3) an injunction ordering the Governor to replace the scheme with a non-arbitrary one. Given that the restoration of Plaintiffs' right to vote remains subject to the Governor's discretion and EO 2019-003 did nothing to disrupt Plaintiffs' personal stake in challenging this, granting relief could make a difference to their legal interests. *Cf. Hanrahan v. Mohr*, 905 F.3d 947, 961–63 (6th Cir. 2018) (concluding that declaratory and injunctive relief were unwarranted after policy changes dispelled the threat of harm and afforded the requested relief).

In sum, Lostutter's and Langdon's (and possibly Aleman's) claims are not moot.

## III.

Plaintiffs request that we reach the merits of their claims because, they assert, the district court did so when determining whether the claims are moot. We disagree with Plaintiffs' assertion and, because Plaintiffs' challenges to Kentucky's discretionary scheme for restoration of voting rights are novel and should be addressed by the district court in the first instance, we decline their request.

## IV.

Accordingly, we REVERSE and REMAND for further proceedings consistent with this opinion.