[Cite as *Salameh v. Doumet*, 2019-Ohio-5392.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| LINA YOSSEF SALAMEH | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. 19 CAF 01 0029 |
| | : | |
| BOUCHRA DOUMET | : | |
| | : | |
| | : | |
| Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Delaware County Court of Common Pleas, Domestic Relations Division, Case No. 16 DR A 06 0316

JUDGMENT:                         DISMISSED

DATE OF JUDGMENT ENTRY:     December 27, 2019

APPEARANCES:

For Third-Party Plaintiff-Appellee:

ROBERT BRACCO
1170 Old Henderson Road
Suite 109
Columbus, OH 43220

For Third-Party Defendant-Appellant:

OMAR TARAZI
5635 Sandbrook Lane
Hilliard, OH 43026

*Delaney, P.J.*

{¶1}   Third-Party Defendant-Appellant Bouchra Doumet appeals the March 12, 2019 Judgment Entry of the Delaware County Court of Common Pleas, Domestic Relations Division.

{¶2}   This case is before us on the accelerated calendar which is governed by App.R. 11.1. Subsection (E), Determination and Judgment on Appeal, provides in relevant part: "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."

{¶3}   One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist. 1983).

{¶4}   This appeal shall be considered in accordance with the aforementioned rules.

### FACTS AND PROCEDURAL HISTORY

{¶5}   Plaintiff-Appellant Anmar Salameh ("Husband") and Defendant/Third-Party Plaintiff-Appellee Lina Salameh ("Wife") were married in Syria on August 7, 2009 and in the United States on November 16, 2009.

{¶6}   On June 30, 2016, Husband filed a Complaint for Divorce with Children in the Delaware County Court of Common Pleas, Domestic Relations Division. Wife filed an Answer, Counterclaim, and Third-Party Complaint against Third-Party Defendant Valcon

Consulting Group, LLC. On January 4, 2017, Wife filed a Motion to Add Third-Party Defendant Instanter. Wife moved to add Husband's sister, Third-Party Defendant-Appellant Bouchra Doumet ("Sister") as a third-party defendant due to Sister's possession of an alleged marital asset, the marital home of Husband and Wife.

{¶7}   On December 27, 2018, the trial court issued its Final Judgment for Divorce with Children and its judgment entry on the Amended Third-Party Complaint and Counterclaim. In summary, the trial court adopted the recommendations of the GAL and named Wife the residential parent and legal custodian of G.S. Based on Husband's income of $82,000, the trial court awarded Wife spousal support in the amount of $500 per month for 60 months. Husband was ordered to pay child support in the amount of $742.08 per month. The trial court found the termination of the marriage was on December 27, 2016. The trial court determined the evidence demonstrated the marital home was marital property and Sister was unjustly enriched when Husband engaged in financial misconduct by transferring the home to Sister. The trial court voided the transfer of the marital home to Sister and ordered the marital home sold by a receiver. Upon the sale of the home, Husband was to pay Wife $80,000 for expense money as a portion of Wife's attorney and expert fees due to Husband's financial misconduct. The trial court determined Husband used $97,978 in separate funds to initially purchase the marital home, which the trial court found did not create a percentage interest but was only a "dollar for dollar" credit to Husband for his non-marital contribution.

{¶8}   Husband and Sister separately appealed the judgment entries to the Fifth District Court of Appeals.

{¶9}   On January 16, 2019, while the appeals were pending before the Fifth District Court of Appeals, Wife filed a motion to extend time for occupancy of the marital home. Sister responded and Wife replied.

{¶10} On February 19, 2019, the magistrate assigned to the matter granted Wife's motion to extend her occupancy time until the expiration of the minor child's 2018-2019 school year or when the marital home was sold, which ever occurred first.

{¶11} Husband and Sister filed a motion for findings of fact and conclusions of law. Sister included three objections to the magistrate's order. On March 12, 2019, the trial court denied the motion for findings of fact and conclusions of law and did not address Sister's objections.

{¶12} It is from this judgment entry Sister now appeals.

### ASSIGNMENTS OF ERROR

{¶1}   Sister raises two Assignments of Error:

{¶2}   "I. THE TRIAL COURT ERRED AS A MATTER OF LAW AND LACKED JURISDICTION WHEN ADOPTED THE MAGISTRATE'S ORDER GRANTING LINA SALAMEH'S MOTION TO MODIFY A THIRD-PARTY RELATED PROPERTY JUDGMENT WHILE THE JUDGMENT IS UNDER APPEAL.

{¶3}   "II. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION WHEN IT FAILED TO RULE ON APPELLANT'S OBJECTIONS."

### ANALYSIS

{¶4}   We first address our jurisdiction to consider Sister's appeal.

{¶5}   Sister argues in the first Assignment of Error that the trial court lacked jurisdiction to rule on Wife's motion for extension. It is true that in general, " 'once an

appeal is perfected, the trial court is divested of jurisdiction over matters that are inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment.' " *Redmond v. Wade*, 4th Dist. Lawrence No. 16CA25, 2017-Ohio-7192, 2017 WL 3471085, ¶ 32 citing *State ex rel. Electronic Classroom of Tomorrow v. Cuyahoga Cty. Court of Common Pleas*, 129 Ohio St.3d 30, 2011–Ohio–626, 950 N.E.2d 149, ¶ 13, quoting *State ex rel. Rock v. School Emp. Retirement Bd.*, 96 Ohio St.3d 206, 2002–Ohio–3957, 772 N.E.2d 1197, ¶ 8.

{¶6}  We must examine whether the matter is now moot based on the judgment entry of the trial court. "Mootness is a jurisdictional question because the Court 'is not empowered to decide moot questions or abstract propositions." *State v. Feister*, 5th Dist. Tuscarawas No. 2018 AP 01 0005, 2018-Ohio-2336, 2018 WL 3019219, ¶ 28 quoting *United States v. Alaska S.S. Co.*, 253 U.S. 113, 116, 40 S.Ct. 448, 449, 64 L.Ed. 808 (1920), quoting *California v. San Pablo & Tulare R. Co.*, 149 U.S. 308, 314, 13 S.Ct. 876, 878, 37 L.Ed. 747 (1893); *Accord, North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971). Because mootness is a jurisdictional question, the question of mootness is one that must be addressed even if the parties do not raise it. *North Carolina v. Rice*, 404 U.S. at 246, 92 S.Ct. 402, 30 L.Ed.2d 413.

{¶7}  Ohio courts have long exercised judicial restraint in cases that are not actual controversies. *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371, 372 (1970). No actual controversy exists where a case has been rendered moot by an outside event. "It is not the duty of the court to answer moot questions, and when, pending proceedings in error in this court, an event occurs without the fault of either party, which renders it impossible for the court to grant any relief, it will dismiss the petition in error." *Miner v.*

*Witt*, 82 Ohio St. 237, 92 N.E. 21 (1910), syllabus; *Tschantz v. Ferguson*, 57 Ohio St.3d 131, 133, 566 N.E.2d 655 (1991).

{¶8}　The trial court stated Wife was permitted to stay in the marital home until the 2018-2019 school year was completed or the marital home was sold, whichever occurred earlier. The appeal was assigned to this Court on September 12, 2019. Upon a review of the record, we find Sister's argument to be moot because the 2018-2019 school year was over when the appeal was assigned. We therefore find there is no justiciable controversy upon which this Court can rule and Sister's first and second Assignments of Error are moot.

## CONCLUSION

{¶9}　The appeal judgment of the Delaware County Court of Common Pleas, Domestic Relations Division is dismissed.

By: Delaney, P.J.,

Baldwin, J. and

Wise, Earle, J., concur.