[Cite as *J.L. v. T.R.*, 2024-Ohio-1659.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| J.R.C.D.L. | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellant | : | Hon. W. Scott Gwin, J. |
| | : | Hon. William B. Hoffman, J. |
| -vs- | : | |
| | : | Case No. 23 AP 11 0061 |
| | : | |
| T.D.L.R. | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Tuscarawas County
Court of Common Pleas, Juvenile
Division, Case No. 2023 CC 00170

JUDGMENT:     DISMISSED

DATE OF JUDGMENT ENTRY:     April 29, 2024

APPEARANCES:

For Plaintiff-Appellant:                 For Defendant-Appellee:

GWENDOLYN STARDA                 NO APPEARANCE
148 E. Liberty St., Suite 224
Wooster, OH 44691

*Delaney, P.J.*

{¶1} Plaintiff-Appellant J.R.C.D.L. appeals the November 2, 2023 judgment entry of the Tuscarawas County Court of Common Pleas, Juvenile Division.

## FACTS AND PROCEDURAL HISTORY

{¶2} On August 24, 2023, Plaintiff-Appellant J.R.C.D.L. filed a complaint for custody with the Tuscarawas County Court of Common Pleas, Juvenile Division. Appellant moved the juvenile court to name her the legal custodian of the minor child, G.D.L.S. The minor child, born on March 18, 2006, was Appellant's sister-in-law. Appellant alleged the minor child was an abused, neglected, and dependent child. Father of the minor child, who resided in Guatemala, waived service of the complaint. Mother of the minor child was deceased. As part of her complaint, Appellant noted that the minor child could be eligible for Special Immigrant Juvenile Status if the juvenile court awarded her legal custody of the minor child.

{¶3} The matter came on for hearing before the juvenile court on October 30, 2023. Appellant and the minor child were the two witnesses. Both required an interpreter in the IXIL language. Appellant testified that she lives in Dover, Ohio with her husband and three children. The minor child is the sister of her husband. Appellant left Guatemala and has resided in the United State since 2015. While Appellant resided in Guatemala, Appellant never spoke with the child's father. Appellant testified that her husband sometimes spoke with his father. Appellant knew that her husband spoke to his father about their plans to have the minor child come to the United States.

{¶4} Appellant testified that she and her husband arranged and paid to have the minor child transported from Guatemala to the United States. The minor child came to

live with her on January 3, 2023. Appellant testified that the minor child's father did not visit the child or send money for the child. Appellant did not believe that the minor child was safe with Father because she had told her that her father hit her multiple times. It was not safe for the child in Guatemala due to the gangs.

{¶5} The minor child testified that she was in 12th grade at Dover High School. She stated she did not feel safe with her father in Guatemala because he hit her. She was not asked whether she had any contact with her father since she had come to the United States.

{¶6} The juvenile court issued its judgment entry on November 2, 2023, denying Appellant's complaint for legal custody. Because a non-parent was seeking custody and the child had not been previously adjudicated neglected, abandoned, or dependent, the juvenile court first determined parental unsuitability. The juvenile court found that based on evidence presented at the hearing and its consideration of the credibility of the witnesses, it found no evidence that father of the child was unsuitable. The juvenile court found the child was not abandoned, neglected, or abused as defined by statute. It found reunification with the father was possible and it was in the child's best interest to return to Guatemala.

{¶7} On November 29, 2023, Appellant filed her notice of appeal of the juvenile court's judgment entry.

{¶8} The matter was assigned on February 27, 2024.

**ASSIGNMENTS OF ERROR**

{¶9} Appellant raises three Assignments of Error:

I. THE TRIAL COURT NEGLECTED TO MAKE FINDINGS AS TO ALL THE ALLEGATIONS OF THE COMPLAINT, AND LACKED BOTH AUTHORITY AND EVIDENCE TO FIND THAT THE CHILD IS A "RUNAWAY."

II. THE TRIAL COURT ABUSED ITS DISCRETION AND WENT AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHEN FINDING THE CHILD NOT CREDIBLE AS TO HER TESTIMONY OF ABUSE.

III. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW AND FACT WHEN FINDING THAT THE CHILD WAS NOT NEGLECTED, ABANDONED, OR ABUSED.

## ANALYSIS

### Mootness

{¶10} Before we address Appellant's three Assignments of Error, we first examine whether the matter has become moot due to the age of the child in question. "Mootness is a jurisdictional question because the Court 'is not empowered to decide moot questions or abstract propositions." *Salameh v. Doumet*, 5th Dist. Delaware No. 19 CAF 01 0029, 2019-Ohio-5392, ¶ 18 quoting *State v. Feister*, 5th Dist. Tuscarawas No. 2018 AP 01 0005, 2018-Ohio-2336, ¶ 28 quoting *United States v. Alaska S.S. Co.*, 253 U.S. 113, 116, 40 S.Ct. 448, 449, 64 L.Ed. 808 (1920), quoting *California v. San Pablo & Tulare R. Co.*, 149 U.S. 308, 314, 13 S.Ct. 876, 878, 37 L.Ed. 747 (1893); Because mootness is a jurisdictional question, the question of mootness is one that must be addressed even if the parties do not raise it. *North Carolina v. Rice*, 404 U.S. at 246, 92 S.Ct. 402, 30 L.Ed.2d 413.

{¶11} The Third District Court of Appeals has explained:

Mootness has been described as a "doctrine of standing in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." Consequently, a case is moot where a judgment is sought on a matter that when rendered does not have any practical effect upon the issues raised by the pleadings.

(Citations omitted.) *Siferd v. Siferd*, 3rd Dist. No. 5-17-04, 2017-Ohio-8624, 100 N.E.3d 915, 2017 WL 5565495, ¶ 12 quoting *RLJ Management Co., Inc. v. Larry Baldwin*, 3rd Dist. Crawford No. 3–01–16, 2001 WL 1613014 (Dec. 18, 2001), quoting *U.S. Parole Commission v. Geraghty*, 445 U.S. 388, 397, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980).

{¶12} The child in this case was born on March 18, 2006. When Appellant filed her motion for legal custody, the child was a minor under the age of 18 years old. During the pendency of the appeal, the child turned 18 years old on March 18, 2024.

{¶13} The juvenile court has exclusive original jurisdiction to determine the custody of any child that is not a ward of another court of this state. R.C. 2151.23(A)(2). R.C. 2151.011(B)(6) defines "child" to mean "a person who is under eighteen years of age, except that the juvenile court has jurisdiction over any person who is adjudicated an unruly child prior to attaining eighteen years of age until the person attains twenty-one years of age, and, for purposes of that jurisdiction related to that adjudication, a person who is so adjudicated an unruly child shall be deemed a 'child' until the person attains twenty-one years of age." In this case, there is no allegation that the child was adjudicated an unruly child prior to turning 18 years old.

{¶14} Because the child in question is now 18 years old, the juvenile court no longer has jurisdiction to determine the matter under R.C. 2151.23. Pursuant to the doctrine of mootness, we decline to rule on Appellant's three Assignments of Error.

## CONCLUSION

{¶15} The appeal of judgment of the Tuscarawas County Court of Common Pleas, Juvenile Division, is dismissed for lack of a justiciable controversy upon which this Court can rule.

By: Delaney, P.J.,

Gwin, J. and

Hoffman, J., concur.